WILLIAM NICHOLS, Administrator of Amos Prentice, deceased, *et al.*, Plaintiffs in Error, *v.* WILLIAM F. THORNTON, Defendant in Error.

### ERROR TO MOULTRIE.

A resulting trust may be shown by parol evidence of the ownership of the consideration paid for the land.
If the facts necessary to sustain a decree are recited in it, setting forth the proofs, it will bring it within the rule laid down by the Supreme Court.

THIS cause was heard before DAVIS, Judge, at the November term, 1849, of the Moultrie Circuit Court.

The decree recites that this cause came on to be heard on bill exhibits and oral proofs, and the court being satisfied that certain described lots were purchased by Prentice, and conveyed to him ; that they were purchased with the means and moneys of Thornton, and that the deeds were to enure to his benefit; that Prentice intended to convey them to Thornton, but was prevented by protracted sickness and death, from doing so, and ordered the property to be conveyed to Thornton. The testimony was not preserved in the record.

W. H. HERNDON, for Plaintiff in Error.

A. THORNTON, fer Defendant in Error.

SCATES, J.   Thornton filed this bill for a conveyance of three lots, which he alleged were purchased by the deceased with his means. The minors answered by their guardian *ad litem*, and

8

a default taken as to the administrator. Proofs were heard and a decree that the deceased held the lots in trust, that the same be conveyed to complainant by a commissioner. The objections raised upon the assignment of error are, that the decree was rendered without evidence, against evidence, without preserving the evidence in the record, and without written evidence of the trust.

The bill sets up a case of a resulting trust, and this cannot be by a written declaration. It may be shown by parol evidence of the ownership of the consideration paid for the land. The facts necessary to sustain this decree are recited in the decree itself, setting forth the proofs, though the evidence is not preserved at large in the record. This brings the case within the rule laid down in *White* v. *Morrison et al.* 11 Ill. 361. *Ward* v. *Owens et al.* 12 Ill. 283.

Decree affirmed.

*Decree Affirmed.*