## CHARLES G. ANDERSON

### v.

## ALICE M. ARMSTEAD.

1. PAYMENT—*accepting void conveyance as a payment in ignorance of the facts.* Where a party accepts a deed in payment of a debt, and receipts the same, in ignorance of the fact that the deed is a nullity, there being no such property in existence as it assumes to convey, this will be no payment, and he will not be concluded by his receipt.

2. ESTOPPEL—*holding another out as the owner of party's property.* Where the owner of property holds out another, or allows him to appear as the owner of, or as having full power of disposition over the property, and innocent parties are thus led into dealing with such apparent owner or person having the apparent power of disposition, they will be protected.

3. The rights of persons so dealing in such a case, do not depend upon the actual title or authority of the person with whom they have directly dealt, but they are derived from the act of the real owner, which precludes him from disputing, as against them, the existence of the title or power he caused or allowed to appear to be vested in the person, upon the faith of whose title or power they dealt.

4. Same—*rule of, applies to married women in respect to their separate property.* Married women, in having the powers and privileges of *femes sole* conferred upon them, with respect to their property, must assume the responsibilities and duties which necessarily follow, and if a married woman holds out to the world that her husband owns her property, or allows him so to act as to induce such belief, or that he has power to bind her, others dealing with him, on the faith of its truth, will be protected against her.

5. Where a married woman, being in the possession of a house and lot with her husband, neglects to record the deed, showing her title, until after her husband has contracted for improving the same, and knows of the fact that her husband has made such contract, and is present on several occasions at the house, during the progress of the work, and hears the contractor and her husband conversing about the same, and fails to make known her claim to the property, and repudiate the acts of her husband, and after the work is completed she and her husband occupy the house, she will be estopped from denying that her husband was acting as her agent in making the contract, in a suit by the contractor to enforce a lien for what is due him.

Appeal from the Superior Court of Cook county; the Hon. Thomas F. Tipton, Judge, presiding.

This was a proceeding, instituted by Charles G. Anderson, against Alice M. Armstead, to enforce a mechanic's lien for labor done and materials furnished on premises belonging to the defendant.

The facts of the case are, that plaintiff made a contract with H. H. Armstead, husband of the defendant, to paint the house in question, for which he agreed to give, when done, R. Cole and wife's warranty deed of lots, purporting to be in Washington Heights addition to Chicago, together with abstracts of lots, or in default of which to pay plaintiff $300 cash. The work was done and accepted, together with extra work amounting to $39.25. The plaintiff never received from the defendant, or her husband, any money or any thing except R. Cole and wife's warranty deed of what purports to be certain lots in the Washington Heights addition to Chicago, without any abstracts of title. The lots described in Cole's deed had no existence, there being no plat of the

name on record in Cook county. The plaintiff signed two receipts on the back of the contract, one of which is worded as a full discharge of the contract. He did not read the receipts, and did not readily understand English, and was told by Armstead that they were receipts for the deeds.

A trial was had before the court without a jury, and the court found for the defendant and dismissed the plaintiff's petition, to reverse which the plaintiff appealed.

Mr. F. A. WOODBURY, for the appellant.

Messrs. TRUMBULL, ANTHONY, CHURCH & TRUMBULL, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We think it clear, from the evidence before us, that appellant has not been paid for his materials furnished, and work and labor done in painting the house. The Cole deed was a nullity, for the reason that there is no such property in existence as it assumed to convey, and appellant's receipt was given in ignorance of the facts, and does not conclude him.

The only question upon which there is any serious controversy is, whether the wife is, under the circumstances, bound by the acts of her husband.

The law is familiar, that where the owner of property holds out another, or allows him to appear, as the owner of, or as having full power of disposition over the property, and innocent parties are thus led into dealing with such apparent owner, or person having the apparent power of disposition, they will be protected. Their rights, in such cases, do not depend upon the actual title or authority of the party with whom they have directly dealt, but they are derived from the act of the real owner, which precludes him from disputing, as against them, the existence of the title or power he caused or allowed to appear to be vested in the party, upon the faith

of whose title, or power, they dealt. Bigelow on Estoppel, 468 ; *Higgins* v. *Ferguson et al.* 14 Ill. 269 ; *Donaldson et al.* v. *Holmes*, 23 id. 85 ; *Schwartz et ux.* v. *Saunders*, 46 id. 18.

Here, the wife had the same complete and absolute power and control over her property, free from the interference of her husband, that she would have had if she had been a *feme sole.* While she could act by her husband as her agent, he had no authority, as husband, to meddle with or in any manner control the property, without her consent; and it was incumbent on her to see that his acts were within the powers actually confided to him, in order that frauds should not be practiced upon innocent parties. Married women, in having the powers and privileges of *femes sole* conferred upon them with respect to their property, must assume the responsibilities and duties which necessarily follow. The one is the price of the other.

It is denied, in the answer of the wife, that the contract for furnishing the materials and painting the house was entered into, or that the materials were furnished and the work done, with her knowledge and consent; and she denies, moreover, that she knew that the work was being done. It is clear to our minds that these allegations are disproved by the evidence of the plaintiff; and she has offered no evidence to sustain them.

Three witnesses swear that she was, on two different occasions, at the house while the work was being done, in company with her husband, and that appellant then conversed with her husband, in reference to the work, in her presence.

It is shown, and nowhere contradicted, that while the work was being done, she and her husband were boarding only about one block from and in plain view of the house ; that the house was being fitted up for a residence for herself and husband, and that soon after appellant's work was completed she and her husband moved into and occupied it as such.

We can not believe, under this evidence, that she was ignorant either of the character or the object of the improvement being placed on her property. Her deed was dated on the 1st day of June, 1872. The contract between appellant and her husband was made on the 24th day of July following, and her deed was filed for record some four days after. She thus, by neglecting to record her deed in a reasonable time, placed it in the power of her husband to hold himself out to the world as owner of the property, in which capacity he contracted with the appellant, who is shown to have acted in good faith, and without notice of her claim; and, subsequently, by her presence, while the work was being prosecuted, and by thus failing to give notice of her claim of ownership, she gave confirmation to appellant's belief of her husband's title. The work done and materials furnished were to increase the value of her property. They have become hers, as absolutely as the lot upon which the house is situated. It is immaterial, as we have already shown, whether she in fact authorized the particular contract to be made or not. The question is not what power did her husband actually have over the property, but what power did she, by her acts and omissions, permit him to represent himself to the appellant to have. We do not doubt that the husband, as well as a stranger, may, in good faith, make improvements upon the wife's property, in the nature of a gift to her, and that she would not, in such cases, be bound for the payment of what they cost; but that is not specifically set up in the wife's answer, and even if it was, it could not avail under this evidence. It is an evident proposition that a husband can not, with the connivance of the wife, commit a fraud upon another for the purpose of presenting her with the proceeds of the fraud, for their future mutual use and enjoyment.

We hold that, under the evidence, the wife is estopped from denying that her husband was acting as her agent in making the contract for furnishing the materials and painting her

house, and that, as appellant has not been paid according to contract, he is entitled to enforce his lien.

The decree of the court below is reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.

*Decree reversed.*