## ALEXANDER J. McDONALD

*v.*

## JANE R. STOW *et al.*

*Filed at Ottawa January 23, 1884.*

1. RESULTING TRUST—*how it arises.* A resulting trust does not grow out of the contract of parties, but is an implication of law arising when land has been purchased with the money of one and the deed made to another.

2. SAME—*rights of cestui que trust.* In such a case the person whose money has paid for the land may follow the title to the land, and treat the holder of the legal title as a trustee, and in equity compel a conveyance.

3. SAME—*whether a trust, or a sale.* Where a party sells and assigns a certificate of the purchase of land under execution, for a consideration expressed as paid to him, the doctrine relating to resulting trusts has no application. The transaction will be held a sale, and nothing more.

4. SAME—*laches, as a defence.* Courts will not enforce resulting trusts after a great lapse of time, or *laches* on the part of the supposed *cestui que trust*, especially when it appears that the supposed nominal purchaser has occupied and enjoyed the estate with the knowledge of the former. The person claiming under an alleged resulting trust should assert his claim at least within seven years after his purchase.

5. ASSIGNMENT—*certificate of purchase.* A certificate of purchase of land sold on execution is under our statute made assignable. An assignment of such a certificate is evidence of its sale to the assignee.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Messrs. FORRESTER & FELSENTHAL, for the appellant:

If William H. Stow, Jr., purchased this lot at the sheriff's sale with his own means, and the assignment of the certificate of sale to Jane R. Stow was made without consideration, either executed or executory, it follows that a trust resulted to him in the legal title acquired by her, by virtue of the sheriff's deed. Perry on Trusts, sec. 126; *Coates* v. *Woodworth,* 13 Ill. 659; *Kane* v. *Herrington,* 50 id. 238; *Merrick* v. *Davis,* 65 id. 319; *Ward* v. *Armstrong,* 84 id. 151; *Smith* v. *Smith,* 85 id. 189.

The only exception is, when the person paying takes a conveyance to his wife or child, or other person standing in some such relation,—then the presumption is that the purchase was intended as an advancement.    Perry on Trusts, sec. 143.

Where a purchase is made by a son, and the deed is made to his father, a trust results to the son.    2 Washburn on Real Prop. 441; 4 Kent's Com. 306; 2 Story's Eq. Jur. sec. 1201.

The assignment of the certificate of purchase to Mrs. Stow was void for want of any consideration.    A contract must be assented to by both parties, and be binding on both, or it is void for want of mutuality.    *Wain* v. *Wailters*, 5 East, 16; *McKinley* v. *Watkins*, 13 Ill. 143; *Cooke* v. *Oxley*, 3 T. R. 654; *Livingston* v. *Rogers*, 1 Caines, 584; *Beckwith* v. *Cheever*, 21 N. H. 41; *Chicago R. R. Co.* v. *Dam*, 43 N. Y. 240; Benjamin on Sales, secs. 39, 64–72.


Messrs. Mᴏɴʀᴏᴇ & Lᴇᴅᴅʏ, for the appellees:

A resulting trust is an implication of law arising from the fact that land was purchased with the money of one party and the conveyance made to another.    *Franklin* v. *McIntyre*, 23 Ill. 91; *Bruce* v. *Roney*, 18 id. 67; *Emmons* v. *Moore*, 85 id. 304; *Stephenson* v. *Thompson*, 13 id. 186; *Williams* v. *Brown*, 14 id. 200; *Remington* v. *Campbell*, 60 id. 516; *Sheldon* v. *Harding*, 44 id. 68; *Holmes* v. *Holmes*, id. 168; *Braggs* v. *Geddes*, 93 id. 39; *Mahoney* v. *Mahoney*, 65 id. 406; *Walter* v. *Klock*, 55 id. 362.

The certificate of purchase issued to William H. Stow, Jr., was assignable by simple indorsement, under the statute, and required no consideration.    Underwood's Stat. chap. 77, sec. 29.

A deed of the property, or of all of the purchaser's interest therein, would produce the same result.    Freeman on Executions, sec. 313; *Green* v. *Clark*, 31 Cal. 591; *Wright* v. *Douglass*, 2 N. Y. 373.

If a consideration was required, we have the written statement of William H. Stow, Jr., appearing in the assignment, that a consideration was paid him, which can not be contradicted for the purpose of invalidating such assignment. · *Illinois Central Ins. Co.* v. *Wolfe*, 37 Ill. 354.; *Morris* v. *Tillson et al.* 81 id. 607; *McCrea* v. *Parmont*, 16 Wend. 473; *Kimball* v. *Walker*, 30 Ill. 482.

Where the owner of an estate conveys it to another absolutely, as a purchaser for a valuable consideration, which, however, is not paid, but no case of fraud or mistake is made, the seller can not, by parol evidence alone, establish a trust for himself, and no resulting trust arises on such a transaction. *Kimball* v. *Walker*, 30 Ill. 482; Hill on Trustees, (4th Am. ed.) p. 156; Bispham's Principles of Equity, sec. 90, pp. 132, 203, and authorities cited.

A court of equity will refuse to interfere where there has been gross *laches* in prosecuting a claim, or long acquiescence in the assertion of adverse rights. Bispham's Principles of Equity, secs. 39, 203, 259, 260; Kerr on Fraud and Mistake, pp. 303–312, 298, 127; *Oakley* v. *Hurlbut*, 100 Ill. 204; *Bissell* v. *Lloyd*, id. 214; *Breit et al.* v. *Yeaton et al.* 101 id. 242; *Jenkins, Assignee* v. *Pierce et al.* 98 id. 646; *Castner* v. *Walrod*, 83 id. 171; *Williams* v. *Rhodes et al.* 81 id. 571; *Blanchard* v. *Williamson*, 70 id. 647.

Mr. Justice Craig delivered the opinion of the Court:

This was a bill in equity, brought by Alexander J. McDonald, to obtain a decree requiring Jane R. Stow to convey to complainant a certain lot in Chicago, which she had obtained under a sheriff's deed, dated December 12, 1873. The lot originally belonged to George I. Stow, and in 1866 it was sold on judgment which had been rendered against Stow, and bid in by Buckner S. Morris. The defendant failed to · redeem within twelve months, and on December 28, 1867,

William H. Stow, Jr., obtained a judgment against George I. Stow by confession, and redeemed from the sale as a judgment creditor. Upon a sale of the property under the redemption proceedings, on the 4th day of April, 1868, William H. Stow, Jr., became the purchaser, and the sheriff executed a certificate of purchase to him under the sale, which provided that he would be entitled to a deed in sixty days, if no further redemption was made. On the back of the certificate appears an assignment, as follows:

"In consideration of $500 to me in hand paid, I assign the within certificate of purchase to Jane R. Stow.

"CHICAGO, *May 20, 1868.*               W. H. STOW, Jr."

This assignment, as appears from the evidence, was not executed by William H. Stow, Jr., until December 12, 1873, on which day a deed was made by the sheriff to the assignee, Jane R. Stow. Prior to this, however, and as early as 1869, Jane R. Stow went into possession of the property, claiming as owner under George I. Stow, from whom she obtained a deed in 1871. October 31, 1881, William H. Stow, Jr., deeded the property to McDonald, and he filed this bill.

The theory of the bill, as originally filed, was, that William H. Stow, Jr., had never assigned the certificate of purchase to Jane R. Stow, and that she had obtained the sheriff's deed without right, and that she held the legal title as a mere trustee for the complainant, who had succeeded to the rights of William H. Stow, Jr. But on the trial the certificate of purchase, which was supposed to be lost, was produced by the sheriff who made the deed to appellee, and it was proven, beyond controversy, that the signature to the assignment on the back of the certificate of purchase was the genuine signature of William H. Stow, Jr. Indeed, Stow himself, when the certificate of purchase with the assignment was produced on the trial, did not, on the witness stand, deny his signature to the assignment on the back of the certificate. The posi-

tion first taken, that the certificate of purchase had never been assigned to appellee, seems to have been abandoned, and it is now claimed that the assignment was made without consideration, and "a trust resulted to William H. Stow in the legal title acquired by appellee by virtue of the sheriff's deed."

A resulting trust does not grow out of the contract of parties, but, as we understand the subject, a resulting trust is an implication of law arising where land has been purchased with the money of one and the deed made to another. (*Williams* v. *Brown*, 14 Ill. 200.) In such a case the person whose money pays for the land may follow the title to the land, and treat the holder of the legal title as a trustee, and compel, in equity, a conveyance. (*Sheldon* v. *Harding*, 44 Ill. 68.) The doctrine of resulting trusts is stated by Perry on Trusts, sec. 126, as follows: "Where, upon a purchase of property, the conveyance of the legal title is taken in the name of one person, while the consideration is given or paid by another, the parties being strangers to each other, a resulting trust immediately arises from the transaction, and the person named in the conveyance will be a trustee for the party from whom the consideration proceeds." It seems to be generally understood that where one person furnishes the money to pay for a tract of land, the purchase is made for his benefit, and where the deed is taken in the name of another, it is regarded as a matter of arrangement for some outside purpose, and not that the title should be held and owned by the person to whom the deed may be made.

But what has the law of resulting trusts to do with the facts of this case?—or, in other words, are there any facts here which will bring the case within the doctrine of resulting trusts? If William H. Stow, when he purchased the lot in 1868, at the sheriff's sale, had placed the title in the name of appellee instead of his own, there might be some ground for invoking the doctrine of resulting trust, but such was

not the case.   He purchased in his own name, and held the title in his name, from April 4, 1868, until December 12, 1873, when, for an expressed consideration of $500, reduced to writing and signed by him, he sold the title to appellee. A certificate of purchase of this character being assignable, under the statute, in the mode this was transferred, the assignment of the certificate of purchase can be treated in no other or different light than a sale of the property by William H. Stow, Jr., to appellee.   Suppose, in 1868, when he purchased, he had taken a deed in his own name, instead of permitting the title to be evidenced by the certificate of purchase, and suppose he had thus held the title until 1873, and then, for an expressed consideration of $500, deeded the land to appellee, would the doctrine of resulting trust have any control over the case?   The answer is obvious, that it would not, and yet there is no substantial difference between the two cases.   The transaction, as disclosed by the evidence, can only be regarded as a sale.   It is true that appellee is not able to give the details of the transaction as it occurred, but that does not militate against her, as the business was at the time done by her husband, who is now dead, and the assignment of the certificate of purchase was written by him. Appellee went into possession of the lot as owner in 1869, and soon thereafter procured a deed from George I. Stow, the original owner, and when she purchased the certificate of purchase in 1873, and obtained a deed, it was doubtless done under some contract made between William H. Stow and appellee's husband, and done for the purpose of perfecting the title in appellee.

But there is another ground which is equally fatal to a recovery in behalf of appellant.   Courts will not enforce resulting trusts after a great lapse of time, or *laches* on the part of the supposed *cestui que trust*, especially when it appears that the supposed nominal purchaser has occupied and enjoyed the estate.   (Perry on Trusts, sec. 141.)   Here, as

observed before, appellee went into possession of this lot in 1869, and claimed it as her own. William H. Stow, Jr., from 1868 to 1881, interposed no claim whatever to the property, although he knew appellee was in the possession, claiming and using the property in all respects as her own. Indeed, during this time William H. Stow, Jr., acted as the agent of appellee in renting the property and collecting rents. He signed leases in her name by himself, as her agent. The delay and *laches* of William H. Stow, Jr., are inexcusable. If he had any claim to the property, he ought at least to have asserted it within seven years from the time he became the purchaser, in 1868. In addition to the ground first named, we think complainant is concluded by *laches*.

The decree of the circuit court will be affirmed.

*Decree affirmed.*