COMMERCIAL NATIONAL BANK *vs.* FRANK E. COLTON *et als.*

Judgment creditors, after a return of their execution, *nullâ bonâ*, brought a bill in equity to avoid a mortgage given to the debtor. This mortgage was kept unrecorded by the mortgagee so as not to affect the credit of the debtor mortgagor, and was recorded just before the debtor made an assignment for the benefit of his creditors. It was while the mortgage was kept unrecorded that the mortgagor became indebted to the judgment creditors, who were ignorant of the mortgage.

*Held*, that the bill could not be maintained. The mortgage was given to secure a valid debt, became a valid lien on its record, and the intentions of the parties to the mortgage in delaying its record were immaterial.

BILL IN EQUITY to set aside a mortgage, and for an account. On demurrers to the bill.

*January* 28, 1891. STINESS, J. The bill sets out that Colton, Van Zile & Mulvey, shoe-dealers in Providence, carrying a stock worth from thirty to forty thousand dollars, gave a mortgage to the respondents, Gardiner and Estes, upon said stock of goods in October, 1888; that, in December, 1888, the complainant discounted a note of Colton, Van Zile & Mulvey, for the sum of $2,000, and in February, 1889, another note for $1,000; that March 6, 1889, Colton & Mulvey, Van Zile having previously retired from the firm, made an assignment to the respondent Vincent for the benefit of creditors; that judgment has been obtained

on the first note, with execution which has been returned *nullâ bonâ ;* that said mortgage was not recorded until March 6, 1889, just three hours before said assignment, and that it was wilfully and designedly kept off the public records so as not to affect the credit of said Colton, Van Zile & Mulvey, whereby the mortgagors were given a false and fictitious credit in their business, as said Gardiner and Estes well knew must be its effect, if said mortgage was valid, and whereby the complainant and other creditors were deceived and misled into trusting said Colton, Van Zile & Mulvey with money and goods to a large amount, upon the faith of their ostensible unincumbered ownership and possession of the large amount of property invested in their business as aforesaid. The complainant therefore claims that said Gardiner and Estes were not and are not entitled to set up their mortgage as against the claims of creditors, but that such claims are entitled to be paid out of said assigned property as if said mortgage did not exist.

It has been decided in *Wilson* v. *Esten,* 14 R. I. 621, that the lien of a mortgage is not lost by the mere omission to record it. The further question is now presented, whether a mortgagee, who for a time withholds his mortgage from the record for the purpose of aiding the credit of the mortgagor, is estopped from asserting his lien against those who have meanwhile given credit in ignorance of the mortgage. Aside from our statute of proceedings in insolvency, a debtor has the right to prefer a creditor by mortgage or otherwise. But a mortgage of personal property is not valid against any other person than the parties thereto, unless possession of the property be given, or unless the mortgage be recorded. Pub. Stat. R. I. cap. 176, § 9. As soon, therefore, as the possession is given, or the mortgage is recorded, all that is required to make the instrument a valid mortgage is fulfilled. Should, then, the mortgagee be estopped from thenceforth asserting his claim to the property, because between the delivery and record of the mortgage another has become a creditor in ignorance of it ? Suppose the mortgage to be given originally, at the time of its record, for a preëxisting debt; no question could be made of its validity, outside of insolvency proceedings. And why ? Because the creditor having acquired no lien on the property of his debtor, the latter is free to deal with and to convey it. Yet the result to the

creditor is the same whether the mortgage be first given at the time of its record, or whether it then first acquires validity against him by reason of its record. The complaining creditor, having no claim upon any specific property, is in no position to object to its transfer. Both he and the mortgagee, as creditors of the debtor, have an equal right to secure a lien on his property, and to have their debts paid out of his estate. If one first secures such lien by attachment, mortgage, or pledge, it is and always has been a good lien, except so far as it is liable to be defeated by proceedings in bankruptcy or insolvency, for the equal distribution of the property among all the creditors. And this, we think, is the present case. The mortgage was recorded before the assignment, and before any other lien attached to the property. There have been no proceedings in insolvency. No question being made of its consideration, it became at the time of record a valid mortgage. The previous intent and purpose of the parties no more affects its validity than as though, in order to keep up the credit of the debtor, no mortgage at all had been given until the day of the assignment, or one had forborne until that time to make an attachment. Whatever the purpose, the property was unincumbered, so far as creditors were concerned, up to that time, and when a debt is secured by mortgage or attachment on the eve of a failure, it is a preference, but not, in law, a fraud. However salutary it might be to extend the policy of bankruptcy and insolvency laws to all secret or preferential securities, the court cannot do this by way of an equitable estoppel, since an element which underlies the doctrine of estoppel, namely, a duty owed by one to another who has some claim upon the property, is wanting. This view of the validity of the mortgage is very forcibly sustained in *Cameron, Hull & Co.* v. *Marvin,* 26 Kans. 612. See, also, *Jones* v. *Graham,* 77 N. Y. 628, to the effect that one not having a judgment and execution is not a creditor within the meaning of the statute declaring that the omission to file a chattel mortgage renders it void, as against creditors of the mortgagor. The complainant cites, in support of his claim, two classes of cases. In one class an estoppel is held where there has been some act or omission directly between the parties; *e. g., Cornish* v. *Abington,* 4 H. & N. 549, where a defendant allowed an account of goods delivered to another to go on in his own

name, after the fact had been brought to his knowledge, which made it his duty to give notice that they were not delivered on his authority; *Blair* v. *Wait*, 69 N. Y. 113, where a party had represented his attorney to be the owner of a judgment, upon which a compromise settlement had been made, and afterwards himself sued as owner of the judgment; *Anderson* v. *Armstead*, 69 Ill. 452, where actual fraud was found in giving a deed of lots upon a plat which did not exist. In these cases there was silence when there was a duty to speak, but we know of no rule that requires a creditor to certify other creditors when he is about to secure his debt by mortgage or attachment. In the other class of cases cited by the complainant an estoppel was held where creditors had obtained liens on specific property by judgment or execution, and then claimed, in equity or upon garnishee process, that their liens should take precedence of a mortgage lien which had been withheld from record to their detriment. It is to be observed, at the outset, that these cases differ from the one before us in the fact that neither the complainant in this bill, nor any other creditor, so far as appears, has acquired any lien upon any specific property of the debtors. They stand simply as general creditors. But admitting the grounds of decision in those cases to be applicable to the case at bar, since in some of them judgments were not obtained until after the mortgage was recorded, we nevertheless think that the stronger reason is with the view we have already expressed. If the debtor is owner of property which is free from any lien, and which he may convey, mortgage, or pledge by way of preference for an existing debt, such conveyances being valid, *Nightingale* v. *Harris & Lippitt*, 6 R. I. 321, *Austin* v. *Sprague Manuf. Co.* 14 R. I. 464, we fail to see how the court can say that one who takes such security, as he may lawfully do, is estopped from enforcing it because the general creditor did not know this was to be done, and because it leaves so much less property for division among them. It is undoubtedly equitable that a debtor's property be equally distributed among his creditors, and our statute relating to proceedings in insolvency is adapted to that end; Pub. Stat. R. I. cap. 237. If a mortgagee withholds his mortgage from record, he takes the chance that any creditor may attach the property; and if at the time of record he had taken no security at all,

in order not to hurt the debtor's credit, he would not for that reason be estopped from taking a preference under an assignment with preferences, nor under a mortgage or attachment. We see no stronger reason for holding him to be estopped when, after having taken the chance of precedence by creditors, he then makes his mortgage operative by placing it upon record. To hold this, which is to set aside the mortgage, would be to greatly extend the right given by insolvency proceedings ; for under them the limit of a creditor's right to object to a preference is sixty days ; whereas this bill was not filed until a year and a quarter after the record of the mortgage. If this could be done, the statute of insolvency would be of small account. Our conclusion is, that the mortgagees are not estopped from claiming under their mortgage. The only relief prayed for in the bill is that the mortgage be set aside as against creditors. It does not seek discovery from Gardiner and Estes of the amount received for the mortgaged goods over and above the mortgage debt, the oath being waived, and there is no allegation that they have received any surplus for which they should account. As to them, therefore, the demurrer must be sustained. From the respondent Vincent, the bill asks an account as assignee, and his demurrer is therefore overruled.

*James Tillinghast & Theodore F. Tillinghast,* for complainant.
*Lorin M. Cook,* for respondent.