## In re WRIGHT.

### (District Court, D. Rhode Island. July 10, 1900.)

BANKRUPTCY—LIENS—CHATTEL MORTGAGES.

Under Bankr. Act 1898, § 67a, a mortgage of personal property executed in Rhode Island, and not recorded within five days, as required by Pub. Laws 1899, c. 614, to be effective as against creditors, cannot be allowed as a lien against the estate of the mortgagor in bankruptcy.

In Bankruptcy. Appeal by Charles H. C. Carter, a creditor, from decision of referee.

W. B. Vincent, for petitioner.

F. A. Jones, for trustee.

BROWN, District Judge. The finding of the referee that the mortgage of personal property by the bankrupt to Charles H. C. Carter should not be allowed as a security upon the property of the bankrupt, on the ground that the mortgage was not recorded within five days from the date of the signing thereof, is approved and confirmed. The terms of the Rhode Island statute (chapter 614, Pub. Laws R. I. 1899) are clear, and the course of judicial decision and legislation on the subject supports the referee's construction of the statute. Wil-

son v. Esten, 14 R. I. 621; Bank v. Colton, 17 R. I. 226, 21 Atl. 349; chapter 207, § 10, Gen. Laws R. I. 1896; chapter 614, Pub. Laws R. I. 1899. The legislative intent in the passage of chapter 614 was apparently similar to that which led to the passage in Massachusetts of chapter 73, § 2, St. 1883. See Drew v. Streeter, 137 Mass. 460. It follows, from section 67a of the bankrupt act, that the mortgage is not a valid lien against the bankrupt's estate. The decision of the referee is confirmed.