(No. 15473.—Reversed and remanded.)

THE EAST ST. LOUIS LUMBER COMPANY, Appellant, *vs.* MARTIN SCHNIPPER, Sheriff, *et al.* Appellees.

*Opinion filed October 20, 1923—Rehearing denied Dec. 7, 1923.*

1. JUDGMENTS AND DECREES—*judgment of court having jurisdiction cannot be collaterally attacked.* A judgment which is void for want of jurisdiction may be attacked collaterally by anyone whenever any right or title is claimed under it, but if the court had jurisdiction of the subject matter and the parties its judgment is binding until reversed in a regular proceeding for that purpose and it cannot be impeached collaterally in any other court for errors of law or irregularities in practice.

2. SAME—*land held under a resulting trust is not subject to lien of judgment against holder of legal title.* The lien of a judgment or execution is limited to the actual interest the judgment debtor has in the property and does not attach to a mere naked legal estate, and a complainant who avers that he is the equitable owner of property under an implied trust resulting from the payment of the consideration may prove such facts to show that the land is not subject to the lien of an execution issued on a judgment against the holder of the naked legal title.

3. SAME—*what objections do not render judgment on recognizance void.* If the record shows that the circuit court had jurisdiction to enter judgment on a forfeited recognizance, objections that the recognizance was not certified to the circuit court, as required by statute, or entered of record, and that the prisoner was not in custody of the sheriff but was at liberty under a recognizance entered in open court, raise questions which the circuit court had jurisdiction to determine and do not render the judgment void.

4. DEBTOR AND CREDITOR—*judgment creditor must show statutory right to take property of third party.* A judgment creditor claiming the right to take property of another than his judgment debtor in satisfaction of the debt must be able to point to some statute giving him such right, as the right to resort to real estate in satisfaction of a judgment is purely statutory.

5. SAME—*judgment creditor is not a purchaser.* While a judgment creditor is protected by section 30 of the Conveyances act he is not to be classed as a purchaser without notice, as he does not deal with the land which is the specific subject of purchase, nor does he part with any consideration nor buy from one having the apparent legal title. (*McFadden* v. *Worthington,* 45 Ill. 362, explained.)

6. TRUSTS—*existence of a resulting trust is not evidenced by writing or record.* A resulting trust is created by implication or operation of law apart from any contract, based only on the fact that land has been purchased with the money of one person and a deed made to another, and as the existence of such a trust is not evidenced by any writing it is not within the scope of the recording laws, and the equitable owner need not make any public record of his ownership in order to protect his rights against creditors of the holder of the legal title.

7. SAME—*equitable owner by virtue of resulting trust may follow legal title—Statute of Frauds.* One whose money has paid for land may follow the legal title and treat the holder thereof as a trustee and in equity compel a conveyance, and the Statute of Frauds is no defense to a suit to enforce the trust.

8. SAME—*section 30 of the Conveyances act, concerning notice, does not apply to a resulting trust.* Section 30 of the Conveyances act, requiring deeds and mortgages to be recorded as a protection against creditors of the apparent owner who have no notice of the actual ownership, applies only to instruments required to be recorded and has no application to a resulting trust, which is not evidenced in writing but arises by implication of law. (*Martin* v. *Dryden,* 1 Gilm. 187, and *Massey* v. *Westcott,* 40 Ill. 160, distinguished.)

FARMER, C. J., dissenting.

Appeal from the Circuit Court of St. Clair county; the Hon. George A. Crow, Judge, presiding.

D. E. Keefe, and S. W. Baxter, for appellant.

Robert I. Pugh, State's Attorney, and John W. Freels, for appellees.

Mr. Justice Cartwright delivered the opinion of the court:

Appellant, the East St. Louis Lumber Company, a corporation engaged in the wholesale and retail lumber trade in East St. Louis, filed its bill in the circuit court of St. Clair county praying for a decree that three parcels of real estate in that city, the legal title to which stood of record in the name of M. C. Reis, were the property of appellant; that Reis should be required to execute a conveyance of the same to appellant, and that a levy of an execution in favor of the People of the State of Illinois upon a judgment against Reis should be removed as a cloud upon appellant's title. The State of Illinois, under the name of "The People of the State of Illinois," was made a defendant, against the prohibition of section 26 of article 4 of the constitution. Necessarily there was no attempt at service on that defendant, but the State's attorney, assuming to represent it, filed a purported answer for it. The officers interested in the levy of the execution and M. C. Reis were also made defendants and answered the bill. On a hearing before the chancellor the bill was dismissed for want of equity.

The bill alleged that complainant purchased and paid for the three parcels of real estate in question and deeds for the same were made to the defendant Reis, who was the general manager of the complainant; that about one year before filing the bill Reis was claiming to be the owner of the property, and the complainant proposed that he should convey the title to it or make some suitable arrangement whereby it would be shown as a matter of rec-

ord that the complainant was the owner; that Reis dissented from the arrangement and claimed a right to hold the legal title so long as he was security for the corporation to protect him against any contingent liability, and refused to make any deed or declaration of trust; that the circuit court of Shelby county entered a judgment for $6500 against Reis and another surety on an alleged forfeited recognizance entered into in compliance with an order made in a cause wherein Angelo Zangain, who had been convicted in said court of burglary and larceny, was plaintiff in error in this court, by which the writ of error was made a *supersedeas* and Zangain admitted to bail; that the judgment against Zangain was affirmed by this court, and the cause was re-docketed in the circuit court of Shelby county and default was entered on the recognizance; that *scire facias* was issued returnable to the next term, and judgment was then entered and a transcript of the judgment and proceedings was made and certified to the clerk of the circuit court of St. Clair county and an execution was issued and levied upon the real estate in question. The bill charged that the judgment was void, and that the complainant being the equitable owner of the three parcels of real estate they were not subject to the execution.

No attention will be given to the supposed answer of the People of the State of Illinois. The answer of the sheriff and State's attorney denied the averments of the bill that the complainant paid for the parcels of real estate, charged that Reis was the owner, and denied all allegations as to the invalidity of the judgment. The answer of Reis admitted the charges of the bill that the judgment was void, alleged that he had signed notes and obligations for the complainant and had a right to hold the real estate as security against any liability that might accrue on such notes and obligations, and admitted that he had refused to convey the real estate or to execute any instrument showing the ownership of the same to be in the complainant.

A judgment which is void for want of jurisdiction may be attacked collaterally by anyone whenever any right or title is claimed under it, but if a court pronouncing judgment has jurisdiction of the subject matter and the parties, the judgment, however erroneous, is binding upon all parties and privies to it unless and until reversed in a regular proceeding for that purpose. Such a judgment cannot be impeached collaterally in any other court for errors of law or irregularities in practice. (*Swiggart* v. *Harber,* 4 Scam. 364; *Clark* v. *People,* 146 Ill. 348; *Miller* v. *Rowan,* 251 id. 344.) The first inquiry, therefore, is whether the circuit court of Shelby county had jurisdiction to render the judgment on the forfeited recognizance, and if it had, the validity of the judgment could not be called in question in this suit. The jurisdiction of the court over cases of the class to which the proceeding belonged is not questioned, but the objections made to the judgment by the complainant, which was not a party to it, are, that the recognizance was not certified to the circuit court, as required by the statute, and was not entered of record, and that the sheriff did not have the custody of Zangain when he took the recognizance, but Zangain was at liberty under a recognizance which had been taken in open court.

The sheriff took the recognizance as authorized by the order of a justice of this court admitting Zangain to bail, and the sheriff indorsed his approval upon it and filed it in the office of the clerk of the circuit court of Shelby county. It was conditioned, according to the statute, for his appearance in that court. The mandate of this court affirming the judgment and directing its execution was filed in the circuit court, and Zangain being called and not appearing according to the condition of the recognizance, it was forfeited. A *scire facias,* which was to be regarded as a declaration, was filed, showing the recognizance properly entered into, the approval, filing and forfeiture, so that the court had jurisdiction to determine all the questions which the com-

plainant attempted to raise by its bill.   The judgment was not void but was binding upon Reis, and his property not exempt from execution was liable to be taken in satisfaction of the judgment.   The chancellor did not err in so deciding.

The defendants having made proof of the judgment and the levy of the execution upon the real estate as the property of M. C. Reis, the question was presented whether the parcels of real estate the title to which stood in the name of Reis were subject to the execution on the judgment against him, and the complainant attempted to prove by a witness that it paid the purchase price for each parcel of the real estate and deeds were taken in the name of Reis. If such proof were made the law would imply a trust resulting from the payment of the consideration and would hold the complainant to be the equitable owner.   (*Reynolds* v. *Sumner,* 126 Ill. 58; *Ackley* v. *Croucher,* 203 id. 530; *Brennaman* v. *Schell,* 212 id. 356; *Masters* v. *Mayes,* 246 id. 506; *Harrison* v. *Harrison,* 265 id. 432.)   Upon objection by counsel for the judgment creditor the chancellor made the following ruling:   "Now, all that you have said with regard to it shows that the legal title stands in M. C. Reis, and if there is any trust it is a secret trust and the public has no notice of it, and the public will not be bound by that, and any claim that the defendant might have against M. C. Reis by reason of the execution or judgment or any other claim could not possibly be thwarted by reason of that secret trust, and for that reason I sustain the objection to that proof."   The complainant then offered to prove every averment of its bill which would raise a resulting trust in its favor, and that Reis had refused to do anything to show that the real estate was the property of the complainant, on the ground that he had signed notes for the complainant to different banks and was entitled to keep the property in his name for his security.   The chancellor having ruled that although there was a resulting trust in favor of the complainant and it was the equitable owner of the real es-

tate, the bill did not show any right to call upon a court of equity to protect the equitable title, and this being equivalent to sustaining a general demurrer to the bill, it was dismissed for want of equity.

If the complainant had been permitted to do so and had proved the averments of its bill, it would have established the fact that M. C. Reis was the holder of the naked legal title to the real estate and complainant was the equitable owner, and the question would be whether such real estate could be taken for the debt of Reis. On that question it would make no difference whether or not Reis was entitled to retain the legal title as security against a possible contingent liability. The lien of an ordinary judgment is general and only extends to what the debtor has subject to the equities in it at the date of the judgment. Under that general rule the lien of a judgment or execution is limited to the actual interest the judgment debtor has in the property and does not attach to a mere naked legal estate when the entire equitable estate is vested in some third person. (*Yarnell* v. *Brown,* 170 Ill. 362; *Bowling* v. *Garrett,* 49 Kan. 504; *Thomas* v. *Kennedy,* 24 Iowa, 397; *Dodd* v. *Bond,* 88 Ga. 355; 15 R. C. L. 799.) A judgment creditor claiming the right to take property of another than his judgment debtor in satisfaction of the debt must be able to point to some statute enacted in the legitimate exercise of legislative power giving him such right. At the common law a judgment was not a lien upon real estate, and it was not subject to be taken in satisfaction of a judgment except for debts due the Crown. The feudal lord could not be deprived of the services of his tenant by having the land taken for ordinary debts of the tenant. The right of a judgment creditor to resort to land originated with the Statute of Westminster Second, (13 Edw. I, ch. 18,) by which the judgment creditor was permitted to have a writ of *elegit,* stating that he had elected to take the benefit of the statute by taking possession of one-half of the land of the

judgment debtor until the debt should be levied according to a reasonable price or extent by the rents and profits. (Williams on Real Property, 84.) The significance of this is, that the right to resort to real estate in satisfaction of a judgment is purely statutory, and a judgment creditor must bring himself within the terms of some statute to enable him to take property not owned by his judgment debtor.

There are conditions prescribed by statute under which a judgment creditor may have priority over the actual owner of land if he is without notice, either by a record or otherwise, of the right of such owner. Section 30 of the act concerning conveyances provides that deeds, mortgages and other instruments of writing which are authorized to be recorded shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice, and the law is that by virtue of that section a judgment creditor is entitled to priority over the holder of an unrecorded conveyance required by the statute to be recorded if the creditor is without notice otherwise. That provision of the act concerning conveyances plainly extends only to instruments required to be recorded and does not include such a trust as was claimed by the complainant. Section 9 of the Statute of Frauds exempts all resulting trusts from any requirement that they shall be recorded, by the proviso "that resulting trust or trusts created by construction, implication or operation of law, need not be in writing and the same may be proved by parol." A resulting trust is created by implication or operation of law apart from any contract, based only on the fact that land has been purchased with the money of one and a deed made to another. The existence of such a trust need not be evidenced by any writing and is not within the recording law. (*Nichols* v. *Thornton,* 16 Ill. 113.) The Statute of Frauds is no defense to a suit to enforce a resulting trust. (*Towle* v. *Wadsworth,* 147 Ill. 80.) One whose money has paid for

land may follow the title of the land and treat the holder
of the legal title as a trustee and in equity compel a convey-
ance. (*McDonald* v. *Stow,* 109 Ill. 40.) There was no
averment or claim, and there is no argument, that in this
case there was any fraud or interference with an existing
right of a judgment creditor or any other person, and there
is no requirement that an equitable owner, by virtue of
a resulting trust, shall proclaim to the world his owner-
ship for the public information nor that a trustee shall be
labeled for like purpose. The ruling of the chancellor that
the real estate of the complainant could be taken for the
debt of Reis because the public had no notice of the result-
ing trust was not in accordance with the law. Cases like
*Martin* v. *Dryden,* 1 Gilm. 187, concerning the priority of
an attachment over an unrecorded deed, *Massey* v. *West-
cott,* 40 Ill. 160, giving precedence to a judgment over an
unrecorded deed, or cases involving oral agreements to hold
lands in trust, have no relation to the case of a resulting
trust created by operation of law independent of any agree-
ment. The chancellor did not observe the distinction be-
tween such a trust and an express trust.

Counsel for the judgment creditor do not attempt to sus-
tain the decree on the ground that there was no notice to
the public, by any record, of the equitable ownership of the
complainant, and the only proposition advanced is, that the
case came within the rule that where the owner of property
holds out another or allows him to appear as the owner of
or as having full power of disposition over property, and
innocent parties are thus led into dealing with such appar-
ent owner or persons having the apparent power of dispo-
sition, they will be protected. The cases cited in support
of the argument are *Anderson* v. *Armstead,* 69 Ill. 452,
*VanDuzor* v. *Allen,* 90 id. 499, *Chickering* v. *Bastress,* 130
id. 206, and *Burton* v. *Perry,* 146 id. 71, none of which
have any relation or connection, near or remote, with the
facts of this case or the law governing it. The question

in the first case concerned the right to enforce a mechanic's lien under a contract made by the holder of the record title as against an unrecorded conveyance which came within section 30 of the Conveyance act. The second related to the respective rights of the seller and purchaser of a threshing machine sold and delivered and used by the purchaser as his own for about two and one-half months, where there was an agreement to give a note for the purchase price with personal security or a chattel mortgage on the machine. The third was a sale of pianos, with an agreement the real purpose of which was to cover up the sale and preserve a lien in favor of the seller. The fourth involved the rights of parties under a conveyance accompanied by an unrecorded written contract to re-convey the property.

In *McFadden* v. *Worthington,* 45 Ill. 362, it was said that judgment creditors are within the protection of the Conveyance act, which was true, but it was further stated that they stand as purchasers and are to be regarded as such. This was substantially repeated in *Gary* v. *Newton,* 201 Ill. 170, and *VanDuzor* v. *Allen, supra.* The cases were decided correctly, but not on the ground that a judgment creditor is a purchaser, and manifestly he is not. One who without notice deals as a purchaser with one holding the record title and without notice that he is not the owner, might be protected under certain conditions. A judgment creditor does not deal with the land, which is the specific thing that would be the subject of a purchase, nor does he part with any consideration nor buy from one having the apparent legal title. He is protected by section 30 of the Conveyance act, not because he is a purchaser without notice but because creditors are named as one of the classes who are given priority by that section. Creditors are named as a distinct class, distinguished from purchasers, which shows that the legislature did not regard them as included in the term "purchasers." They do not purchase anything or purport to do so. In this case there is no fact alleged or

claimed and no statute taking it out of the general rule that the lien of a judgment or execution is limited to the actual title or interest which the judgment debtor has in property, and that the lien of a judgment or execution extends only to what the debtor has and is subject to all equities in the property at the date of the judgment. The judgment creditor showed no right to take the property of the complainant for the debt of Reis. Any claim of Reis that he was entitled to hold the property as security against a contingent liability would have to be created by some understanding or agreement, and whether there was such a contract or not, the property of the complainant was not subject to the lien of the execution or the levy. The complainant was entitled to prove the averments of its bill, and if proved was entitled to have the levy canceled and discharged and the officers enjoined from any further proceeding under the execution against the real estate in question.

The decree is reversed and the cause remanded, with directions to dismiss the bill as to the People of the State of Illinois and strike the purported answer from the files, and to take such further proceedings as are not inconsistent with this opinion.

*Reversed and remanded, with directions.*

Mr. Chief Justice Farmer, dissenting:

I do not agree with the opinion of the court. Reis was permitted by appellant to hold the legal title to the land, and on the representation of Reis that he was owner of the property he was approved and accepted as surety on the recognizance. Appellant having put him in the position to deceive the people, cannot now claim the land as against the judgment.