# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

(No. 14400.—Decree affirmed.)

ANDREW O'DONNELL, Appellee, *vs.* LILLIAN O'DONNELL, Appellant.

*Opinion filed April 19, 1922.*

1. TRUSTS—*a resulting trust arises from a presumed intention.* Where one person pays the purchase money for land and the conveyance of the legal title is made to another a resulting trust arises, not from an agreement but because the law presumes that if the deed is made to someone other than a member of the purchaser's family the grantee was intended to hold the title in trust for the benefit of the one who paid the purchase price.

2. SAME—*oral declarations at time of conveyance are admissible to prove resulting trust.* Oral declarations made at and just before the execution of the deed are admissible to prove the intention of the purchaser in taking title in the name of another person so as to establish a resulting trust although the statements were made out of the presence of the grantee, who knew nothing about the conveyance at the time it was made, the transaction having taken place without any previous agreement.

3. SAME—*when conveyance to daughter of grantor is not presumed to be a gift.* Where a conveyance is made by a grantor

to his wife or child the law will presume it was a gift, but such presumption is rebutted where the proof shows that the beneficial owner of land had the title conveyed to his daughter merely to substitute her for the trustee who formerly held the legal title to the land, which constituted a large part of the father's estate.

4. SAME—*when resulting trust arises in partition of partnership estate.* A resulting trust ordinarily arises at the time the purchase price is paid and the title passes, but where real property owned in common by partners, which has been held in trust for them, is partitioned in accordance with an agreement and the beneficial interests are set off to each of the partners but one of them causes his share to be conveyed to his daughter, intending her to be a trustee, a resulting trust may be established although the property was originally purchased by the partnership.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

McARDLE & McARDLE, for appellant.

WILLIAM GARNETT, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The bill in this case was filed in the superior court of Cook county by Andrew O'Donnell against his daughter, Lillian, praying that a resulting trust be declared in his favor in and to certain Michigan avenue property in the city of Chicago, the record title to which is in the name of Lillian, and that she, as such trustee, be ordered to convey the premises to him. The bill was answered by the daughter, denying that she holds the property as trustee for her father under a resulting trust and claiming the ownership thereof on the ground that the conveyance to her was absolute and conveyed the fee to her under such conditions that a resulting trust did not arise. After final amendments to and completion of the pleadings the cause was referred to a master in chancery to take testimony and report his conclusions of law and fact. The master made his report, finding the daughter holds the legal title to the property in

trust for the use and benefit of her father. After objections were overruled, the report, with the objections, was filed. The court ordered the objections to stand as exceptions, and after sustaining some of the exceptions and overruling the others, entered a decree that Andrew O'Donnell, the father, is the absolute owner of the premises, and that Lillian, the daughter, holds the legal title to the premises for the use and benefit of her father, and it was ordered that she deliver a properly executed deed therefor to him; that he have possession of the property and of the net rents and profits thereof, which were by agreement of the parties accumulating in the hands of one Dean pending this litigation, and that the daughter pay the costs of suit. From that decree an appeal has been prosecuted by the daughter to this court.

The evidence produced naturally is not altogether in harmony, but the material facts developed on the hearing are that appellee is a man past sixty-five years of age. He had a wife and several children, some of whom were minors, and one of whom is the appellant, Lillian, and also two living married daughters by his first marriage. For many years he had been engaged in buying, selling and trading real estate, purchasing vacant property, improving it and erecting buildings thereon for sale, and during that time had gained holdings worth approximately $225,000. During a part of this time he had a partner in the business, and for business reasons the legal title to most, if not all, of their acquired properties was taken in the name of Edward Waline, son of appellee's partner, who held the legal title as trustee under a resulting trust for the benefit of the partnership, and he transferred title when requested by the partners. Title to properties acquired and owned by appellee, for about fifteen years prior to 1920, had been taken in the name of his wife, who during that time joined him in the transfer and sale thereof and execution of papers from time to time at the request of appellee, who managed

303—3

the properties, received the rents, paid the taxes and repair bills and received the consideration or profit in all deals. The premises here involved were purchased by the partnership from Mrs. Rutter in March, 1916, and the title was taken in the name of Edward Waline, in accordance with the usual custom of the partners. In September, 1918, the son and trustee being about to go into the army, the two partners agreed upon a voluntary partition or division of their partnership holdings, and the premises here in question were a part of the partnership property set off as the share of appellee. This property, at 4840-48 Michigan avenue, was originally purchased by the partnership and four six-apartment buildings were erected thereon, the north two of which are here involved. Their value was stated to be $70,000, having an incumbrance thereon of $36,000 and a gross rental earning of $14,100 per year. Accordingly, after several interviews in the matter of the division of the property, and in the presence of his partner, Waline, his son, Edward, and M. O. Benson, appellee had his conveyancer, Benson, draw a quit-claim deed from Edward Waline, trustee, conveying thereby the two Michigan avenue apartment buildings to the appellant, his daughter. At the same time another quit-claim deed was drafted, wherein the names of the grantor and grantee were the same, conveying two flat-buildings on Indiana avenue. These deeds were dated September 25, 1918, executed and acknowledged on the 30th, and recorded by the conveyancer, at appellee's request, on October 4 and then returned to appellee. The consideration in the deed to the premises was stated to be one dollar. The appellant did not know anything about the transfers until about a week or so thereafter, when she was informed by appellee. At the suggestion and request of the appellee, some weeks later appellant executed a deed for the Indiana avenue apartments, title to which was placed in appellant by another deed made at the same time the conveyance for the Michigan avenue property was made.

None of the rents or proceeds from the sale of the Indiana avenue property were ever paid to or demanded by appellant from appellee, who had received the same. Appellee continued to handle the Michigan avenue property as he formerly did his other properties which he had placed in the name of his wife, paying taxes, repair bills, income tax, receiving rents, etc., though the leases of the apartments, for business reasons, were made in the appellant's name, but she neither received nor demanded any rents or income from the property. Family difficulties arose between appellee and his wife during the spring of 1920, and prior to a final property or money settlement made with his wife by appellee appellant for the first time claimed the title to the Michigan avenue property in her own right as a gift from appellee and served notice upon the tenants to pay the rent to her. By agreement of the parties the rents were paid to one Dean pending the final termination of the litigation between appellee and appellant.

Appellee testified, and proved by witnesses present when he caused the deeds to be made to his daughter, one of whom was the scrivener who drew the deeds and took the acknowledgments, oral declarations of appellee that he desired the legal title placed in appellant to hold for him until he sold the property. Appellee said he desired the conveyances made that way for his convenience in trading, and that he had confidence appellant would make a deed when requested by him, to anyone to whom he sold the property.

Many objections to the decree are urged, but the three principal points upon which appellant urges a reversal are, (1) that the oral declarations of appellee, before and at the time the deed was made, to prove his intention, were incompetent; (2) that the proof shows the conveyance was a gift; (3) that there was no purchase and payment of the purchase price by appellee at the time the deed was made to appellant but appellee was then the beneficial owner, and for that reason no resulting trust could arise.

The master to whom the cause was referred to take the testimony and report conclusions, and the chancellor by the decree, held the oral proof to show appellee's intention in causing the deed to be made to appellant was competent, and in this there was no error. The most frequent facts out of which it is held a resulting trust arises are where one person pays the purchase money for land and the conveyance of the legal title is made to another. In such case the law presumes, if the deed was made to someone other than a member of the purchaser's family, that the grantee holds the title in trust for the benefit of the one who paid the purchase price. A resulting trust does not arise out of an agreement but out of a presumed intention. (26 R. C. L. sec. 57, p. 1214.) It is competent to prove by oral declarations of the purchaser, made before or at the time of the transaction, his intention and purpose in taking the title in the name of another person. *Dodge* v. *Thomas,* 266 Ill. 76; *Hartley* v. *Hartley,* 279 id. 593; *Dorman* v. *Dorman,* 187 id. 154; *Bachseits* v. *Leichtweis,* 256 id. 357; *Smith* v. *Smith,* 144 id. 299.

The case of *Delfosse* v. *Delfosse,* 287 Ill. 251, much relied on by appellant, is not in conflict with the foregoing cases and many others to be found in our Reports. In the *Delfosse case* it was alleged a trust arose out of an express agreement and fraud in violating it. What was said in the opinion in that case was with reference to a constructive trust, which the court said only arises out of some fraud or advantage taken in procuring the conveyance. It was sought to prove declarations of the alleged equitable owner, who was dead, made, after the deeds were executed and recorded, out of the presence of the grantee, and that proof was held incompetent, which was clearly correct. The oral declarations of appellee proved in this case were made at and just before executing the deed and were out of the presence of appellant, but all the authorities, so far as we know, hold such declarations competent to show the inten-

tion in having the title conveyed to someone other than the beneficial owner. The deed was not made to appellant pursuant to any agreement, for she knew nothing about it until afterwards informed by her father and told of the purpose of having the deed made to her.

Appellant contends the proof shows the conveyance to her of the property in controversy was an absolute gift; that it was made pursuant to a purpose long in the mind of appellee, and which he expressed to his family, of giving each of his daughters a flat-building when they became of age. Appellee had two daughters by a former marriage. Both were married. When one of them was twenty-four and the other twenty-eight years old he gave each a vacant lot worth about $3000. He had five children by his second wife,—four daughters and a son,—all unmarried. The property involved in this suit is worth about $70,000 and is incumbered for $36,000. It constitutes a large part of appellee's estate. He is sixty-five years old, and in our opinion the proof clearly shows the conveyance was not a gift to appellant. She made no such claim to the Indiana avenue property, the legal title to which was conveyed to her at the same time the deed to the Michigan avenue property was made. She conveyed the Indiana avenue property to the purchaser from her father at his request and received no part of the consideration paid for it. Where a conveyance is made by the grantor to his wife or child the law will presume it was a gift. Such presumption is not conclusive but may be rebutted by proof. (*Dodge* v. *Thomas, supra; Hartley* v. *Hartley, supra; Dorman* v. *Dorman, supra;* 1 Perry on Trusts,—5th ed.—secs. 146, 147.) We think the evidence clearly shows the conveyance was not intended as a gift.

It is also contended by appellant that a resulting trust can only arise out of the actual purchase and payment of the purchase price at the time the title passes; that at the time the deed was made to appellant appellee owned the

beneficial interest and no resulting trust could arise out of the transaction. The property in controversy, together with other premises, had been previously purchased and paid for by appellee and John Waline, as partners engaged in buying, improving and selling real estate, and for convenience the title to all the property purchased by the partners was taken in Edward Waline. They made a voluntary partition of their real estate, and that, together with the fact that Edward Waline was about to enter the army, made it necessary that another trustee be selected. Conveyances to the holder of the legal title were caused to be made by appellee and Waline of their respective undivided one-half interest in the property set off to the other, and appellee became the sole beneficial owner of the property allotted to him by the partition. It is true, the purchase price of the property in controversy had been previously paid, but it was not the sole property of appellee until the partition. We agree with the master and the chancellor that these conditions supplied the necessary elements for a resulting trust.

The decree of the superior court is affirmed.

*Decree affirmed.*