(No. 30973.—

ROSA ABRAHAM, Appellee, *vs.* LOGAN ABRAHAM, Appellant.

*Opinion filed May 19, 1949.*

CARL R. MILLER, of Decatur, (JERALD E. JACKSON, of counsel,) for appellant.

JOHN W. FRIBLEY, of Pana, (GEORGE J. LACHARITE, of Assumption, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellee, Rosa Abraham, filed her complaint in the circuit court of Shelby County for separate maintenance against her husband, Logan Abraham, the appellant. The general ground for relief was that her husband had made

her life miserable by cohabiting and associating with lewd women, treating plaintiff with contempt, and in a degrading manner, and also was addicted to certain habits disclosed by the evidence which, because of their vulgarity, are not necessary to be inserted in this opinion. The defendant answered denying all charges made by the plaintiff, and also filed a cross complaint in which he prayed that he be awarded a divorce on the ground of desertion, and that the plaintiff be decreed to be a trustee in his behalf of a one-half interest in twenty-six acres of land the title to which appeared in the name of plaintiff and defendant as joint tenants. Plaintiff filed a reply to the cross complaint denying desertion and praying that he be not awarded a divorce on said ground; and denying that he was entitled to the entire interest in the twenty-six acres. The court found in favor of the plaintiff, and decreed that she had grounds for separate maintenance, as set out in the complaint; denied the defendant a decree for a divorce; denied his prayer to have a trust declared in the one-half interest in the 26 acres in the name of plaintiff, and allowed the plaintiff $30 per month separate maintenance. The sole ground giving this court jurisdiction is that portion of the decree of the court determining the interest in the twenty-six acres, as a freehold is involved in that particular issue, and since the merits of that controversy grew out of the facts, we have jurisdiction of the entire case.

In the first instance, the appellant claims the evidence is insufficient to merit the relief prayed for by the plaintiff. It must be kept in mind that the measure of proof and grounds of relief are not the same in cases for separate maintenance as they are in cases of divorce. In *Johnson* v. *Johnson*, 125 Ill. 510, we established the principle governing such cases, and in which we held that where a wife is not at fault she is not bound to live and cohabit with her husband if his conduct is such as to directly endanger her life or health, or "where the husband pursues a per-

sistent, unjustifiable and wrongful course of conduct toward her, which will necessarily and inevitably render her life miserable, and living as his wife unendurable. * * * If the husband voluntarily does that which compels the wife to leave him, or justifies her in so doing, the inference may be justly drawn that he intended to produce that result, on the familiar principle that sane men usually mean to produce those results which naturally and legitimately flow from their actions. And if he so intended, her leaving him would, in the case put, be desertion on his part, and not by the wife." The principle declared in the *Johnson case* has been followed and approved in *Holmstedt* v. *Holmstedt,* 383 Ill. 290.

Without reviewing all of the facts, it is sufficient to say that there was evidence tending to support the plaintiff's grounds for relief. This case is one where the matter came particularly within the province of the chancellor hearing the case. His opportunity to see and hear, and to weigh the testimony of, the witnesses was far better than is ours, and in the record there appears ample evidence which, if believed by the court, would justify the decree awarding separate maintenance and denying appellant a divorce upon the ground of desertion. We have many times said that we will not overrule the findings of the chancellor unless they are manifestly against the weight of the evidence.

Upon the question of declaring a trust in that portion of the 26 acres of land which appears of record in the name of appellee, the facts disclose the property was purchased in 1936; that $300 was paid down upon the contract of purchase and a deed to the property taken in the names of the appellant and appellee as joint tenants. At that time they were husband and wife, and the transaction was handled by the husband. We have held many times that where at the time property is purchased it is taken in the name of the husband and wife as joint tenants, a pre-

sumption arises that a gift is being made by the husband to the wife for the one-half interest in the property. Where title is thus taken, to establish that a trust exists it must be proved by clear and convincing evidence. (*Holmstedt* v. *Holmstedt,* 383 Ill. 290.) In the instant case not only was it necessary for the appellant to overcome the presumption existing by reason of the title being placed in the parties as joint tenants, but it appears that he suffered the same to so remain for many years without protest or objection. The long and unexplained delay in asserting his alleged claim of ownership in his wife's interest barred his right to assert it. *Simpson* v. *Manson,* 345 Ill. 543.

Another circumstance in the proof raises grave doubt as to whether or not the claim of the appellant is an afterthought. The appellee testified that at the time the deed was made the husband said "We'll have it put in both our names and then if you die first, I can go ahead with it, and if I die first, you can go ahead with it." Appellant contends this does not manifest an 'intention to make a gift. It is difficult for us to understand how this language could be construed in any other manner, but, be that as it may, it does at least show that some arrangement was made between the parties at the time with respect to placing the title in their joint names. The conversation at least rebuts any theory of constructive trust or resulting trust. The evidence shows there was some discussion at the time concerning it, and certainly infers agreement of some sort, and if there was an agreement, then a constructive or resulting trust does not arise, because such trusts do not arise as a result of express agreement.

Another circumstance not commented upon by appellant is that it appears without much dispute that the appellee contributed funds at two different times, once in the sum of $1000 and at another time $900, which were used either to discharge household expenses or as payment in part of property acquired by appellant and appellee. All of these

facts militate against the position of appellant with respect to his claim to a trust in the 26 acres, and his proof is far short of the requirements of the law.

Since the record discloses that the findings of the chancellor in the case are not manifestly against the weight of the evidence, and because we believe the appellant has wholly failed to establish any trust in the one-half interest of appellee in the 26 acres, we are of the opinion that the decree of the circuit court of Shelby County should be, and the same is, affirmed. *Decree affirmed.*