**Mary J. Forlenza, Plaintiff-Appellee, v. Alexander G. Forlenza, Defendant-Appellant.**

Gen. No. 53,901.

First District, Third Division.

January 15, 1970.

Harry B. Aron, of Chicago, for appellant.

Reynolds & Reynolds, of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This is a partition suit involving a four-apartment building held by the plaintiff, Mary Forlenza, and her husband, the defendant Alexander Forlenza, in joint tenancy. The court ordered the partition and the defendant appeals contending that the court erred in excluding relevant evidence.

The plaintiff and the defendant were the only two witnesses at the trial. The plaintiff testified that she and her husband acquired the property by a quitclaim deed. She identified the deed, which was dated January 11, 1968. It was received in evidence and the plaintiff rested.

The defendant, 69 years of age, testified that the property was in his own name when he and the plaintiff were married in January 1967, and that from 1939 on he had made all the repairs, paid the taxes and other bills, and collected the rents. The property was encumbered by a

mortgage and in January 1968 he was notified that the mortgage would not be renewed. His wife's signature was thus required in order to get another mortgage, and when he asked her if she would be willing to sign the necessary papers she replied that she would do so provided he put the property in joint tenancy. He asked if he would get the property back after the mortgage was secured and she agreed that she would re-sign it to him as soon as the papers came through. He further testified that he had the property conveyed to both of them in joint tenancy on January 11, 1968, and that the new mortgage was executed on the same day but that thereafter, despite his numerous requests, she refused to reconvey the property to him.

The alleged error arose during the cross-examination of the plaintiff. The defendant attempted to prove that the plaintiff had no funds of her own when she married him; that she was not employed during their marriage; that she did not live and never had lived in the apartment building; that she collected no rents, made no repairs, paid no taxes and made no mortgage payments on the property; that she told her husband she would not sign the mortgage and the mortgage note unless the property was placed in joint tenancy and that she promised to return it to him after the mortgage money was received. The court ruled that such testimony was irrelevant but allowed the defendant to make an offer of proof that the plaintiff, if permitted, would have so testified.

The defendant contends that the plaintiff's testimony would have tended to prove that she held the property in trust for his benefit. A resulting trust is created by operation of law from the presumed intention of the parties when the consideration for the purchase of real estate is furnished by one person while the title is taken in the name of another. The titleholder becomes a trustee for the benefit of the person furnishing the consideration unless that person manifests an inten-

401

tion that no resulting trust be created. The burden of proof is upon the person seeking to establish the trust and the evidence, to be effective for this purpose, must be clear, convincing and unmistakable. Scanlon v. Scanlon, 6 Ill2d 224, 127 NE2d 435 (1955); Varap v. Varap, 76 Ill App2d 402, 222 NE2d 77 (1966).

█ Contrary to the contention of the plaintiff, it is not prerequisite to the creation of a resulting trust that title be placed solely in the name of the trustee. A resulting trust can arise where title is placed in the names of the beneficiary and trustee as joint tenants. Abraham v. Abraham, 403 Ill 312, 86 NE2d 224 (1949); Kane v. Johnson, 397 Ill 112, 73 NE2d 321 (1947). The plaintiff also misconceives the nature of the presumption that arises when a husband conveys property to his wife. If the property is conveyed to her as a joint tenant there is a presumption that a gift is being made of a one-half interest in the property; however, the presumption is not conclusive as the plaintiff contends. The presumption is rebuttable; but again, it can be overcome only by clear, convincing and unmistakable evidence that no gift was intended. Baker v. Baker, 412 Ill 511, 107 NE2d 711 (1952). The intention of the parties at the time of the conveyance is controlling. The intention may be shown by the circumstances surrounding the transaction and by parol evidence. O'Donnell v. O'Donnell, 303 Ill 31, 135 NE 28 (1922); Ill Rev Stats 1967, c 59, § 9.

█ The evidence tendered by the defendant should not have been excluded. The evidence bore directly on the intention of the parties at the time the property was transferred and it should have been considered by the court in determining whether the presumption of a gift was overcome and a resulting trust established.

Reversed and remanded.

SCHWARTZ and McNAMARA, JJ., concur.