CRAIG T. TRESCHAK, Plaintiff-Appellant, v. YORKVILLE NATIONAL BANK, Defendant-Appellee.

Third District No. 3—91—0152

Opinion filed December 3, 1992.

Emmanuel F. Guyon, of Streator, for appellant.

Daniel J. Kramer, of Yorkville, for appellee.

JUSTICE GORMAN delivered the opinion of the court:

In this action to quiet title, plaintiff Craig Treschak sought to impose a resulting trust on certain real estate to which he held title and on which defendant Yorkville National Bank had a judgment lien. The trial court denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment. We reverse.

In October 1990, plaintiff sued to quiet title to certain residential property in Streator, Illinois, on which defendant Yorkville National Bank had recorded a judgment lien it held against Melvin Treschak, plaintiff's father. The judgment against Melvin resulted from his business activities and in no way involved any activity of plaintiff. Cross-motions for summary judgment were filed.

The facts set forth in the affidavits supporting plaintiff's motion showed that several years earlier, plaintiff had been injured and received a settlement, part of which he put toward buying the subject property, which was his home. In 1984 he obtained a mortgage which was conditioned on his father, Melvin, becoming a guarantor and joint tenant because at that time plaintiff was a minor. Plaintiff made the downpayment and all further payments on the home including taxes, insurance, and maintenance. Plaintiff married in 1987 and, with his wife, has resided in the home since that time. In 1990, Melvin quit-claimed his interest in the home to plaintiff because he stated that he was only a nominal titleholder and wanted plaintiff to have complete legal title to the residence. Defendant did not controvert any of the facts set forth in the affidavits in support of plaintiff's motion.

The trial court denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment.

Plaintiff appeals.

Plaintiff argues that a resulting trust arose in his favor at the time the property was purchased, thus precluding the defendant's judgment lien from ever attaching to the property. Defendant argues that its judgment lien, which was properly recorded, cannot be retroactively affected by an action to quiet title or impose a resulting trust. Defendant also argues that the trial court lacked jurisdiction to im-

pose a resulting trust because less than all the necessary parties were joined as defendants.

■ We agree with plaintiff. A resulting trust is created by law and arises from the presumed intention of the parties, distilled from their conduct; it comes into being at the instant title vests or not at all. (*Anderson v. Ferris* (1984), 128 Ill. App. 3d 149, 470 N.E.2d 518.) A resulting trust arises by operation of law where one person furnishes the consideration for property and the title is taken in another. (*Leicht v. Quirin* (1990), 200 Ill. App. 3d 1057, 558 N.E.2d 715.) The theory of a resulting trust is founded upon a natural equity that one who pays for the property should enjoy it, unless he intended by the vesting of title to confer a beneficial interest upon the grantee. (*Gary-Wheaton Bank v. Meyer* (1984), 130 Ill. App. 3d 87, 473 N.E.2d 548.) The burden of proof is upon the person seeking to establish the trust, and the evidence, to be effective for this purpose, must be clear, convincing and unmistakable. (*Varap v. Varap* (1966), 76 Ill. App. 2d 402, 222 N.E.2d 77.) The intent of the parties at the time of the conveyance is controlling. The intent may be shown by the circumstances surrounding the transaction and by parol evidence. (*O'Donnell v. O'Donnell* (1922), 303 Ill. 31, 135 N.E. 28; Ill. Rev. Stat. 1991, ch. 59, par. 9.) It is not a prerequisite to the creation of a resulting trust that title be placed solely in the name of the trustee. (*Forlenza v. Forlenza* (1970), 119 Ill. App. 2d 399, 256 N.E.2d 42.) A resulting trust can arise where title is placed in the names of the beneficiary and trustee as joint tenants. (*Abraham v. Abraham* (1949), 403 Ill. 312, 86 N.E.2d 224; *Kane v. Johnson* (1947), 397 Ill. 112, 73 N.E.2d 321.) Where a deed absolute in terms and without condition or reservation conveys real estate to two persons as joint tenants, the language of the deed is sufficient to show an express intent to convey both the legal title and the beneficial interests of the two grantees as joint tenants, but if the purchase price was paid by only one of such grantees, this indicates an intention that the grantee paying the consideration be the only person beneficially interested in the property, and under such facts the expressed intent as shown by the deed must give way to the rule of equity that protects the party paying the purchase price by raising a resulting trust in his favor. (*Prassa v. Corcoran* (1962), 24 Ill. 2d 288, 181 N.E.2d 138.) If property is conveyed to a joint tenant family member, there is a presumption that a gift is being made of a one-half interest in the property. This presumption is rebuttable by clear, convincing, and unmistakable evidence that no gift was intended. *Forlenza*, 119 Ill. App. 2d 399, 256 N.E.2d 42.

■ Applying the above standards to the instant case, we are led to the conclusion that a resulting trust arose in favor of the plaintiff. The deed conveyed the property to the plaintiff and Melvin as joint tenants, but the plaintiff furnished all of the consideration. The facts are not disputed by the defendant. The presumption that would arise that a gift was intended is rebutted by the agreement of all the parties in this case that it was intended at the time of purchase that the plaintiff would have the entire equitable ownership of the property. This intent is controlling and leads to the conclusion that a resulting trust in favor of the plaintiff arose at the instant the property was purchased. The relevant inquiry in this case is what interest the father had in the property at the time the bank obtained a judgment lien. The law of Illinois makes it clear that a resulting trust had arisen in favor of the plaintiff at the time of purchase.

■ Moreover, although record title showed plaintiff and his father holding the property as joint tenants, our supreme court has made it clear that resulting trusts are outside the scope of section 30 of the Conveyances Act (the Act) (Ill. Rev. Stat. 1991, ch. 30, par. 29). The supreme court held in *East St. Louis Lumber Co. v. Schnipper* (1923), 310 Ill. 150, 141 N.E. 542, that section 30 does not require resulting trusts to be recorded to be valid as against subsequent judgment creditors. The supreme court pointed out that the Act did not apply to resulting trusts because the existence of such trusts need not be evidenced by writing and they are outside the scope of the recording laws. The court stated:

> "[T]here is no requirement that an equitable owner, by virtue of a resulting trust, shall proclaim to the world his ownership for the public information nor that a trustee shall be labeled for like purpose. The ruling of the chancellor that the real estate of the complainant could be taken for the debt of Reis because the public had no notice of the resulting trust was not in accordance with the law." *Schnipper*, 310 Ill. at 158, 141 N.E. at 545.

The court in *Schnipper* also held that a judgment lien did not attach to a resulting trust because such a lien only attaches to whatever interest the debtor has in the property. The court stated that "the lien of a judgment or execution is limited to the actual interest the debtor has in the property and does not attach to a mere naked legal estate when the entire equitable estate is vested in some third person." (*Schnipper*, 310 Ill. at 156, 141 N.E. at 544.) The supreme court held in that case that the complainant should have been allowed to prove the existence of a resulting trust at the trial court level, and if the

complainant was successful in proving such a resulting trust then that would render the lien of judgment void.

■ Defendant also asserts that the trial court lacked jurisdiction to impose a resulting trust because Melvin was a necessary party, but was not joined. A necessary party is one whose presence in the suit is required for any of three reasons: (1) to protect an interest which the absentee has in the subject matter of the controversy which would be materially affected by a judgment entered in his absence; or (2) to reach a decision which will protect the interests of those who are before the court; or (3) to enable the court to make a complete determination of the controversy. (*Burt v. Board of Education of Coal City Community Unit School District No. 1* (1985), 132 Ill. App. 3d 393, 395-96, 477 N.E.2d 247, citing *Lerner v. Zipperman* (1979), 69 Ill. App. 3d 620, 387 N.E.2d 946.) In the instant case, Melvin filed a quit-claim deed to the property on September 13, 1990. Plaintiff's suit was filed October 1, 1990. The bare legal title held by Melvin was thus conveyed to plaintiff before suit was filed, thereby vesting full legal and equitable title in plaintiff. Melvin was not a necessary party to this suit because he had no legal or equitable interest in the property. Moreover, Melvin's presence was not needed to enable the court to make a decision protecting the interests of plaintiff or defendant here. Finally, his presence was not needed to enable the court to make a complete determination of the controversy. Therefore, the trial court had jurisdiction to impose a resulting trust.

For the foregoing reasons, we reverse the judgment of the circuit court of La Salle County in favor of defendant and direct the entry of summary judgment for plaintiff.

Reversed.

STOUDER and SLATER, JJ., concur.