## JAMES PHILLIPS

*v.*

## ALFRED A. NORTH *et ux.*

77   243
79a 676

1. FRAUDULENT CONVEYANCE—*as to subsequent creditors.* Where a husband and wife convey land, the title to which is in the husband, to a third party, who conveys the same to the wife, it will not, in the absence of proof of fraud in fact, be deemed fraudulent in law as to subsequent creditors of the husband.

2. SAME—*having property equitably belonging to wife conveyed to her.* Where a husband exchanged a lot belonging to his wife for other lots, but took the deeds therefor to himself without his wife's consent, and afterwards, at her request, they both conveyed them back to the original owner, and had him convey the same to the wife: *Held*, in the absence of proof of an intention to defraud creditors, or that the arrangement was entered into with a view of incurring debts intending not to pay them, that the law would not infer fraud from these facts.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

This was a creditor's bill, filed by James Phillips against Alfred A. North and America North, his wife. The facts of the case are stated in the opinion of the court.

Mr. N. M. BROADWELL, for the appellant.

Messrs. McCLERNAND & KEYES, and Mr. WILLIAM PRESCOTT, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The bill in this case alleges that appellee Alfred A. North was the owner in fee, on the second day of February, 1869, of certain lots in the city of Springfield, and that he and his wife, on that day, conveyed the same to Allen, who, at the same time, conveyed them to North's wife. On the fourth day of the following June, appellant recovered a judgment against North for $5422.58, which is still in force less $4000, which last named sum was paid on the judgment; that execution had been issued, and returned no property found; that on the second day of July, 1869, appellees sold and conveyed these lots to Black, who conveyed therefor, at the same time, lot 10 in block 4, to Mrs. North. The bill prays that this last named lot be subjected to sale, and the satisfaction of appellant's judgment.

Mrs. North answered, setting up as a fact that her husband was not the owner of the first named lots, but that she, on the 30th of September, 1857, was the owner of a lot in Mitchell's addition to Springfield, and afterwards, being desirous to exchange it for the lots first named in the bill, she authorized her husband to make the exchange, which he did in May, 1867, when she and her husband conveyed the lot to Allen, and he conveyed the lots to her husband without right or authority; that, on account of sickness and death in their family, she gave but little attention to business, and did not learn that the deed was so made for a considerable time after-

wards, but immediately on discovering the fact, she objected, and took steps to have the matter corrected ; that on the 2d of May, 1869, she, with her husband, reconveyed the lots to Allen, and he conveyed them to Mrs. North ; that on the 3d day of July she and her husband conveyed the lots to Black in exchange for the lot in controversy ; that the conveyances were not made to hinder and delay creditors, but were *bona fide.* North answered, and set up, in substance, the same facts.

It was admitted, on the trial, that there was due on the judgment $1753 ; that the judgment was recovered, execution issued, and returned as stated in the bill, and the indebtedness for which the judgment was rendered was truly stated in the bill, but there was no other evidence heard on the trial. The court dismissed the bill, and decreed the costs against complainant, and he appeals to this court.

The only question, as we understand this record, is, whether the fact that North, some months before this judgment was rendered, was the apparent owner of the lots given in exchange for the one in controversy, and conveyed to Allen, which he conveyed back to North's wife, is a fraud in law upon his creditors. The bill charges fraud, and it is denied, and on that issue there is no proof. Mrs. North admits that the conveyance was made from Allen to her husband, but, as a part of the admission, she states that her property paid for the lots, and the deed was wrongfully made to him. It abundantly appears, from the sworn and uncontradicted answers of the defendants, that the property given in exchange for the lot in controversy, was owned by Mrs. North, paid for with money derived from a source other than from her husband. If this be true, and it is not controverted, then, in equity, she was the undoubted owner of this lot, and the unauthorized conveyance to her husband rendered him, in equity, her trustee, which would have, on a proper application, compelled him to convey to her ; and, holding in trust for her, he had the legal right to reconvey to Allen, and have him transfer the legal

title to Mrs. North, and thus unite the legal and equitable title where it belonged.

No fraud having been proved, will the law imply fraud from the facts appearing in this record? We think not. It appears that Mrs. North was the owner of the property exchanged with Allen, and was the owner of that given in exchange for this. But if it were not so, in the case of *Sweeney* v. *Damron*, 47 Ill. 450, and *McLaurie* v. *Partlow*, 53 Ill. 340, it was held that a husband, having the legal title to lands of his wife, purchased with the means of the wife, may exchange such lands for other real estate and have the deed made to her, and equity will uphold such title in the wife as against creditors, if they were not misled, by the title being in the husband, to give him credit. These cases are in principle the same as this, and govern it. In the former of these cases it was held, that a husband not in embarrassed circumstances may settle property on his wife by conveying it to a trustee for her use, or by purchase and having it conveyed directly from the vendor to her. Even if the property, in law and equity, belonged to North when he conveyed to Allen, and took a deed back to his wife, under that decision appellant has shown no fraud as to him, and the transaction would be sustained.

The decree of the court below must be affirmed.

*Decree affirmed.*