Ella Wesemann, Appellant, v. Alonzo Fischer et al., Appellees.

Gen. No. 9,956.

Opinion filed September 19, 1944.

John A. Bussian, of Chicago, for appellant.

Campbell, Clithero & Fischer, of Chicago, for certain appellee; Charles W. Hadley, of Wheaton, of counsel.

Mr. Justice Huffman delivered the opinion of the court.

This is a suit by appellant seeking to establish a resulting trust. Appellant is the daughter of Mr. Otto A. Fischer. Appellee, Alonzo Fischer, is the son of

Mr. Otto A. Fischer, and Selma Fischer, a grand-daughter.

It appears that Mr. Otto A. Fischer was a man of wealth with large and varied business interests. Following the death of his wife in 1922, he and his son Alonzo continued living at the family home in Elmhurst, Illinois. The father and son were engaged in various financial enterprises and financial investments. The father spent a considerable portion of his time at summer resorts and the winters in Beverly Hills, California. Appellee, Alonzo Fischer, among other enterprises, was associated with his father in the First National Bank of Elmhurst, from its beginning. His father was a director and for a time, vice president. Alonzo was cashier and chairman of the board.

Mr. Fischer died in 1931. Appellant instituted this action in 1939, in which she charged that her father and her brother Alonzo had been associated in business for 30 years or more prior to her father's death; that during the last 10 years of his life, Alonzo had occupied a fiduciary relationship toward his father and in connection with his money, property and business interests; that her father was 82 years of age at the time of his death, and due to his age, had entrusted his business investments to Alonzo, as well as large sums of money and securities; that the father had turned over to Alonzo large sums of money for the purpose of investment, which investments Alonzo took in his own name; that such investments were made by Alonzo for his father, and that the property so acquired was held in trust by Alonzo for the use and benefit of the father, Mr. Fischer, and now for his heirs; that it was the duty of Alonzo to make accounting to the administrator of the estate, of such money and the revenues therefrom; that he has failed in this regard; and that the administrator of the estate of Mr. Fischer declined to institute any proceeding against Alonzo. Alonzo, by his answer, denied all charges of any fiduciary rela-

tion existing between him and his father. He admitted certain real estate transfers to him from his father, but alleges they were intended to convey the entire legal and equitable estate. The granddaughter, Selma Fischer, and the administrator, the Northern Trust Company, filed no answer and order of default was entered as to these two defendants.

The cause was referred to the master, who stated that pursuant to stipulation of the parties, his report covered and considered only the question of whether a fiduciary relationship existed between Mr. Fischer and his son, Alonzo, and if so, whether such relationship was abused. The master found that Mr. Fischer was a man of experience in business, banking and insurance; that he was financially successful and actively engaged in such business until the date of his death; that he suffered no disability, either mentally or physically, which in any way impaired his ability to carry on his business affairs; that for a number of years he spent a great portion of his time in the State of California, while his son Alonzo, continued his business in Illinois; that the father and son met only on such occasions as when they visited each other at the home at Lake Geneva, or when Alonzo would go to California. The master found that the only proof going to support the charge of fiduciary relationship between the father and son was, that they were father and son; that they lived together in the home for a number of years; that they visited each other in California and Lake Geneva; that the father gave to the son various sums of money at various times; that the relationship between the father and son was pleasant and devoted; that the father conveyed certain real estate to the son; that there was no proof the son acquired any dominion over his father, or that he exercised any influence over his father in the conduct of his father's business. The master concluded that the proof failed to sustain the charge of fiduciary relationship between the parties at any time, or that

Alonzo exercised any influence over his father's business transactions. The report recommended that a decree be entered dismissing the complaint for want of equity. Objections to the report were overruled. Exceptions thereto were likewise overruled, decree rendered pursuant to the master's report, and the complaint dismissed for want of equity.

Tillie Meilke, a witness for appellant, appears to have lived in the household of Mr. Otto A. Fischer for many years. She was the housekeeper in 1922 when Mrs. Fischer died. She continued in the service of Mr. Fischer until his death in 1931, at the home in Beverly Hills. She went there with him in 1928. She testifies concerning certain visits that Alonzo would make to his father in California, and of their companionship together. She says that whenever Mr. Fischer would refer to the home in Beverly Hills, he always referred to it as belonging to Alonzo; that this was true of other real estate concerned in this litigation; and that at such times Alonzo was not present.

A resulting trust arises, if at all, at the time the deed is made and the title vests. *Roche v. Roche,* 286 Ill. 336, 351. A fiduciary relation exists in cases where influence has been acquired and abused. Influence through affection is not wrongful, nor the relationship of parent and child a presumption of undue influence. *Ropacki v. Ropacki,* 341 Ill. 301, 306, 307 (cases cited). In the case of *Hogg v. Eckhardt,* 343 Ill. 246, it is stated on p. 254, "Where a complainant alleges that a transaction is invalid by reason of a fiduciary relation and on that basis seeks to recover property in the possession of the defendant, relief is predicated upon the doctrine of constructive trusts, and when awarded it is on the theory that the defendant holds title as trustee for the grantor, and in such cases it is incumbent upon the complainant to establish the claim of fiduciary relation and constructive trust by proof which is 'clear and convincing, and so strong, unequivocal

and unmistakable as to lead to but one conclusion.' '' (with cases cited).

The proof shows Mr. Fischer was mentally capable and continued to direct his business affairs until his death. Such transactions as are complained of occurred long before his death. It is only natural that a father who is financially successful in the business world, is anxious that his son become experienced in business, capable and dependable, in order that he may be successor to the things the father labored to establish. Such a situation is founded upon mutual respect, confidence and trust, but it does not of itself give rise to the presumption of a fiduciary relationship such as contemplated in actions of this character, as where confidence is reposed on the one side, with a resulting superiority and influence on the other. *White v. Smith,* 338 Ill. 23; *Bennett v. Hodge,* 374 Ill. 326.

Purchase money trusts usually fall within the grouping of resulting trusts. Property is frequently acquired in the name of one person when another pays the purchase price. Since the question is one of intent of the parties, each case therefore depends upon the various and peculiar circumstances and items of evidence connected therewith. Quite often the payor of the consideration for property acquired is closely related by blood or marriage to the person in whose name title is acquired. The most common situations in this regard are between husband and wife, or parent and child. The relationship in such cases is very close and is an important consideration. Under such circumstances, the subsequent conduct and attitude of the parties toward the acts in question and the property acquired, their financial situations, their relationship in the conduct of common business enterprises and investments, all shed light on the true intent of the parties in connection with such transactions.

The situation existing in this case creates a presumption of gift which has in no way been weakened by any

evidence tending to rebut such presumption. Father and son moved along the pathway of life together, engaged in joint enterprises, doing the work of the day for 30 years. The evidence shows they had great love and devotion for each other. This is not to be considered as evidence tending to prove deceit and wrongful conduct on the part of the son as charged in the complaint.

The testimony in the case is brief. From an examination of the evidence we conclude, as did the master and the trial court, that the proof fails to sustain the allegations of the complaint.

The decree is therefore affirmed.

*Decree affirmed.*