Charles E. Magner, Appellee, v. Isadore Sam Muslin
and Marjory Muslin, his Wife, Appellants.

Gen. No. 45,319.

Opinion filed October 2, 1951. Released for publication November 6, 1951.

COHON & GOLDSTEIN, of Chicago, for appellants.

BRUCE PARKHILL, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a decree setting aside a conveyance by defendant Isadore Sam Muslin to his wife of his interest in certain property held in joint tenancy and subjecting this interest to payment of plaintiff's judgment. The essential elements of a prima facie case for plaintiff, such as conveyance in anticipation of judgment and ensuing insolvency are not denied. The defense rests on the averments in their answer that defendant Isadore Sam Muslin never contributed anything toward the purchase price, and that title was taken in the names of the two defendants as joint tenants for the purpose of providing as a matter of law that in the event of the death of either of them, the property would go to the survivor, and for no other purpose. Plaintiff, when the case was called for trial, stipulated that defendants would testify to the foregoing facts. There was a further averment in this pleading, which defendants contend was part of the stipulation, to the effect that payment of the purchase price was made by the father of Marjory Muslin for her use and benefit; that only legal title was taken by defendants as joint tenants as aforesaid and therefore

476

defendant Isadore Sam Muslin had no equitable right, title or interest therein. Plaintiff denies this was stipulated, and asserts that it is pure conclusion in conflict with the averment that title was intentionally put in joint tenancy. We will consider this point later in this opinion.

■ Defendants rely on those authorities which hold that where a wife has equitable title to property and the husband has a nominal legal title, it is no fraud on creditors for him to convey the legal title to the wife. *Phillips v. North,* 77 Ill. 243; *Seeders v. Allen,* 98 Ill. 468; *Behrens v. Steidley,* 198 Ill. 303. In these cases, title was taken by the husband to the wife's property without her authority or with the intention that his title should be only nominal. In the case under consideration, it is admitted that the parties desired to give the husband a present estate in the property whereby, if he survived the wife, he would become sole owner. The means chosen was the creation of a joint tenancy. This carried with it not only the right of survivorship, which is the essential characteristic of joint tenancy, but gave him an undivided one-half interest equally with the wife. *Duncan v. Suhy,* 378 Ill. 104, 110; 48 C. J. S. 910.

■ The averment that the transaction was made by the father for the use and benefit of defendant Marjory Muslin, excepting only that Isadore Sam Muslin was to have the right of survivorship, is meaningless. The deed and the averments with respect thereto show it was for the benefit of both husband and wife. Even if the deed could legally have been limited to a right of survivorship without the other incidents of joint tenancy, it still would have conferred a substantial benefit on the husband. The estate created was one which could be mortgaged or conveyed. *Lawler v. Byrne,* 252 Ill. 194; *Szymczak v. Szymczak,* 306 Ill. 541.

477

We might infer from the averments in question that it was intended that defendant Marjory Muslin should have all the income during her lifetime. This, however, can only be a conjecture. The stipulation upon which the facts set forth in the pleading were admitted was subject to the qualification that it was limited to facts properly pleaded. The record does not reveal any understanding between husband, wife and father that the husband was not to have all the interest of a joint tenant. Stipulations of fact made in open court should be precise and clear.

 The deed conveyed the homestead to the wife, and it is argued by defendants that the conveyance being now set aside, the homestead reverts to the husband and therefore the decree is erroneous in providing for a sale free and clear of the homestead exemption. The controlling case is *DeMartini v. DeMartini,* 385 Ill. 128. There, husband and wife owned property in joint tenancy and by an intermediate conveyance the husband deeded his interest to the wife. On a suit to set aside this conveyance as fraudulent, a decree was entered and the property sold without setting aside to the husband the value of the homestead estate. Without going into the rather complicated set of facts involved in that case, it is entirely clear that the decision of the court expressly finds that where joint tenants who are husband and wife fraudulently convey to the wife, the husband can assert no estate of homestead, and a decree ordering sale of the husband's interest free and clear of the homestead is a proper decree. The gist of the decision is found in the following quotation from the court's decision: ". . . it is well established that a transfer of property fraudulent and void as to creditors is nevertheless valid as between the parties hereto. *Illinois State Trust Co. v. Jones,* 351 Ill. 498; *Rosenbaum v. Huebner,* 277 Ill. 360. A conveyance of this sort is void only as against

creditors, and then only to the extent to which it may be necessary to deal with the conveyed estate for their satisfaction. . . . Satisfy the creditors, and the conveyance stands. (*Campbell v. Whitsen,* 68 Ill. 240; *People ex rel. Scholes v. Keithley,* 225 Ill. 30; *Stierlin v. Teschemacher,* 91 A. L. R. 121; *Beevans v. Groff,* 108 A. L. R. 694.) The conveyance of March 31, 1932, by Giuseppe DeMartini to his wife, Rosa, through the intermediary, Giunta, was, as between them, perfectly valid. As against the grantor, Giuseppe DeMartini, the property thus became hers." Therefore, it follows that the wife has the homestead right, and that the interest of Isadore Sam Muslin therein was properly ordered sold free and clear of homestead. There were other creditors' proceedings and other conveyances in the *DeMartini* case, but this did not alter the essence of the court's decision that the husband was not revested with the right of homestead when the conveyance to his wife was set aside.

*Decree affirmed.*

Tuohy, P. J. and Robson, J., concur.