(No. 36766.—

ANGELO PRASSA, Appellee, *vs.* ALICE PATRICIA CORCORAN *et al.,* Appellants.

*Opinion filed March 23, 1962.*

SAMUEL WODIKA, of Chicago, for appellants.

DALE, HAFFNER & GROW, of Chicago, (BRIMSON GROW and MITCHELL J. OVERGAARD, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

The plaintiff, Angelo Prassa, instituted this action in the superior court of Cook County against his ex-fiancee, Alice Patricia Corcoran, and her father, H. James Corcoran, seeking to impress a trust on an improved parcel of real estate, title to which is jointly in plaintiff and Alice, for an accounting, and for a decree compelling conveyance of the property to him. Alice Corcoran appeals from a decree finding that a resulting trust arose in favor of the plaintiff and directing that she execute a deed in favor of the plaintiff. A freehold is involved.

The uncontroverted evidence indicates plaintiff and defendant became engaged to be married in July, 1959. As a token of the engagement plaintiff gave her a ring. In con-

templation of the marriage it was decided that a two-flat building in which they could live after marriage be purchased. It was at the suggestion of defendant's father that plaintiff decided to purchase the apartment building in which Alice resided with her parents. It was planned that after the marriage plaintiff and Alice would live in the second floor apartment and her parents would continue to live downstairs. Negotiations were handled by defendant's father and the sellers, but it was contemplated by the parties that plaintiff alone would pay the consideration for the building. Having reached an agreement on the price, a contract was prepared by the attorney for the sellers. On September 1, 1959, plaintiff and his fiancee signed the contract and plaintiff paid the sellers' attorney $2,000 as earnest money. The balance of $18,750 was to be paid by plaintiff on the passing of the deed. Defendant signed the contract "Alice Patricia Prassa" even though at the time she was a single woman. Pursuant to the contract, the sellers, on October 1, delivered a warranty deed conveying the property in question to "Angelo Prassa and Alice Patricia Prassa, his wife, not in tenancy in common but in joint tenancy." The plaintiff then paid to the sellers the balance of the purchase price in cash. Plaintiff testified he told the sellers or their representatives how he wanted the contract and deed to be made out, the manner chosen being due to the fact that "we were going to get married the following month and we figured why go through all the expense of having it changed after we were married." Plaintiff had no conversation with the defendant as to how she was to be designated in the documents, but had only discussed it with her father and the lawyer. Defendant testified she signed the documents in the manner directed by the plaintiff. She had never signed her name that way before and was not aware of any legal rights possessed by her under the contract until the present litigation ensued.

On November 4 plaintiff and his fiancee, in the course

of decorating and furnishing the apartment which they were going to occupy, had a dispute. She gave the engagement ring back to the plaintiff. Plaintiff that same evening attempted to return the ring to defendant, but she refused it. Defendant's parents were informed of the occurrence that evening. The following day plaintiff sent flowers to Alice and visited her that evening for the purpose of attempting a reconciliation. Plaintiff told her if she wouldn't take the ring he wouldn't come back. She again refused to accept the ring. Three days later Alice called plaintiff telling him that she would now accept the ring. At this time plaintiff agreed to drive her to work and discuss the matter. Thereafter unavailing discussions between themselves and with a clergyman were held concerning possible reconciliation. They were fruitless and upon defendant's refusal to convey to plaintiff her interest in the building, plaintiff instituted this suit.

The character of the trust relied upon by plaintiff is that of a resulting trust created by operation of law. The applicable rules of law have been frequently stated. A resulting trust arises by operation of law where one person pays or furnishes the consideration for a deed conveying real estate to another. Whether or not such a trust arises depends in every case upon the intention, at the time of the conveyance, of the person who furnishes the purchase price. (*Bowman* v. *Pettersen,* 410 Ill. 519, 524; *Rolofson* v. *Malone,* 315 Ill. 275, 279.) Such a trust arises, if it arises at all, the instant the legal title is taken, (*First National Bank and Trust Co. of Rockford* v. *Illinois National Bank and Trust Co. of Rockford,* 19 Ill.2d 385, 388,) and is founded upon the natural equity that he who pays for the property should enjoy it, unless he intended by the vesting of title to confer a beneficial interest upon the grantee. (*Bowman* v. *Pettersen,* 410 Ill.[1] 519, 524.) The payment of the consideration raises a *prima facie* presumption in favor of a resulting trust. This presumption, however, may be re-

butted by parol proof of an intention on the part of the payor that the grantee shall take the beneficial interest and not merely the legal title. (*Rolofson* v. *Malone,* 315 Ill. 275, 279.) No general rule can be stated that will determine when a conveyance made to one other than the person furnishing the consideration will carry with it a beneficial interest and when it will be construed to create a trust, but the intention must be gathered from the facts and circumstances as shown by the record in each case. (*Peters* v. *Meyers,* 408 Ill. 253, 258; *Rolofson* v. *Malone,* 315 Ill. 275, 279; *Dodge* v. *Thomas,* 266 Ill. 76, 83.) Where a deed absolute in terms and without condition or reservation conveys real estate to two persons as joint tenants, the language of the deed is sufficient to show an express intent to convey both the legal title and the beneficial interests to the two grantees as joint tenants, but if the purchase price was paid by only one of such grantees, this indicates an intention that that grantee is the only one beneficially interested in the property, and under such facts, the expressed intent as shown by the deed must give way to the rule of equity which protects the party paying the purchase price by raising a resulting trust in his favor. *Bowman* v. *Pettersen,* 410 Ill. 519, 524; *Kane* v. *Johnson,* 397 Ill. 112, 117.

It is contended by defendant that plaintiff has failed to submit proof which is so clear, convincing, unequivocal and unmistakable that it will sustain only one conclusion; that the evidence produced is doubtful and capable of reasonable explanation upon a theory other than the existence of a trust, and is therefore insufficient. See: *First National Bank and Trust Co. of Rockford* v. *Illinois National Bank and Trust Co. of Rockford,* 19 Ill.2d 385, 388; *Nickoloff* v. *Nickoloff,* 384 Ill. 377; *Tilley* v. *Shippee,* 12 Ill.2d 616.

Where, however, as here, the uncontroverted evidence is that the plaintiff paid the original payment and sole consideration for the property, and that title to the property in

question was conveyed to the plaintiff and defendant, as joint tenants, such facts bring this case within the resulting trust doctrine. (*West* v. *Scott,* 6 Ill.2d 167, 172, 173.) The argument that defendant furnished a consideration in signing the contract by having made herself liable for the purchase price, is unavailing. Her signing under the circumstances of plaintiff's complete payment and defendant's knowledge thereof at the time of the conveyance did not constitute a consideration for the conveyance. (*West* v. *Scott,* 6 Ill.2d 167, 173.) Moreover, it is not contended, nor does it appear from the evidence, that a promise to marry formed the consideration for the conveyance. See: *Rockafellow* v. *Newcomb,* 57 Ill. 186.

Upon the foregoing facts and considerations the law raises a *prima facie* presumption in favor of a resulting trust, and imposes upon the grantee the burden of going forward with the evidence and showing an intention on the part of the grantor that she was to have some beneficial interest in the property. *West* v. *Scott,* 6 Ill.2d 167, 174; *Bowman* v. *Pettersen,* 410 Ill. 519, 524; *Niland* v. *Kennedy,* 316 Ill. 253; *Lutyens* v. *Ahlrich,* 308 Ill. 11; *Crawford* v. *Hurst,* 307 Ill. 243.

The factors and evidence bearing upon plaintiff's intention at the time of the conveyance are as follows: As above indicated, plaintiff's payment of the total consideration and defendant's name on the deed raise a presumption in favor of a resulting trust. Defendant asserts that a countervailing presumption of gift is to be indulged because of the engagement status at the time of the conveyance. But whether such relationship ought to give rise to a rebuttable presumption of gift is debatable. (See: *Lufkin* v. *Jakeman,* 188 Mass. 528, 74 N.E. 933, 934, and *Kimbro* v. *Kimbro,* 199 Cal. 344, 249 Pac. 180, 182.) Notwithstanding such presumption however, even if entertained, there is clear proof in support of the master's finding, concurred in by the

chancellor, that plaintiff did not intend to vest in defendant a beneficial interest in the property at the time of the conveyance.

The contract and deed indicate that the intended interest of the defendant in the property was to be as plaintiff's wife and not as Alice Patricia Corcoran. Such conclusion is also evident from Alice's concern over whether she should sign the contract in that manner and then doing so pursuant to plaintiff's verbal request. Defendant herself testified that plaintiff had told her prior to the conveyance that he "had saved money for a home when he was to marry"; moreover, the property was to serve as a home for plaintiff and defendant as well as her parents. Plaintiff's testimony that he chose the particular form of the contract for convenience is additional corroboration of a nondonative intention at the time of the conveyance. Cf. *Houdek* v. *Ehrenberger,* 397 Ill. 62, 68.

Although a resulting trust cannot be predicated upon a condition subsequent to the conveyance, (*Bowman* v. *Petter,* 410 Ill. 519, 531,) subsequent conduct and attitude toward the act in question and the property acquired may be used to shed light upon the true intention of the plaintiff. (*Bowman* v. *Pettersen,* 410 Ill. 519; *Curielli* v. *Curielli,* 383 Ill. 102, 106; *Dorman* v. *Dorman,* 187 Ill. 154, 159, 160; *Wesemann* v. *Fischer,* 323 Ill. App. 617, 621.) Defendant's father, who was integrally involved in the negotiations and consummation of the purchase transaction, testified that after the marriage appeared definitely off he stated that he wished to buy the property from plaintiff "for what he (plaintiff) paid for it." Alice testified that pursuant to her father's offer she made efforts to secure funds with which to purchase the building. From such evidence the only reasonable inference to be drawn is in support of an intention held by plaintiff not to make a gift prior to consummation of marriage. This certainly is not to suggest that a gift cannot be given by one engaged individual to the other in

contemplation of marriage. (*Urbanus* v. *Burns*, 300 Ill. App. 209.) Rather, under the circumstances here presented, the chancellor was warranted in finding that plaintiff did not intend a gift. In determining that no gift was contemplated and therefore not consummated during the period of engagement, it is immaterial which of the parties was responsible for the breaking of the engagement.

With regard to the chancellor's determination that defendant's father was not entitled to monies for supervision of the property and labor expended thereon, we cannot say the evidence is so clear as to preclude such decision.

The decree of the superior court of Cook County is affirmed.

*Decree affirmed.*