AARON CADENA, Plaintiff-Appellant, *v.* MARIA G. CADENA, Defendant-Appellee.

First District (1st Division)   No. 82—2550

Opinion filed June 30, 1983.

Vincent C. Lopez, of Chicago (Richard Glasser, of counsel), for appellant.

Maurino R. Richton, of Chicago Heights (David C. Harrison, of counsel), for appellee.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Aaron Cadena, appeals from a judgment of the circuit court of Cook County finding that a resulting trust did not arise in his favor.

On appeal, plaintiff contends that the trial court erred (1) in finding that he intended to make a gift to defendant, Maria Cadena, of her joint tenancy interest in property, and (2) in failing to impress a resulting trust on the property in plaintiff's favor.

We affirm.

Our review of the record reveals the following facts. The parties married in 1967. One child, Nora, was born during the marriage. In 1971, judgment for dissolution of marriage was entered. Thereafter, defendant and Nora returned to Mexico to live with her family. Plaintiff visited defendant in Mexico in July of 1972. Defendant testified that plaintiff insisted that she return to the United States with him and promised her a better life if she did. After plaintiff returned to his residence in Chicago Heights, Illinois, he wrote defendant and urged her to come "directly to your home, which is mine."

Shortly thereafter, defendant and Nora returned to the United States and began residing with plaintiff and a roommate, Jose Moreno. Moreno testified that he and Mr. Cadena made payments "to the Mrs." (defendant) for food. Defendant, in turn, maintained the household. Plaintiff's testimony corroborated that of Moreno's. Plaintiff further testified that he told defendant that they would remarry.

In July 1973, plaintiff decided to purchase a home in the area. He testified that the bank required a cosignatory on the mortgage documents. In order to induce defendant to cosign the mortgage, plaintiff assured her that she would not have to make any mortgage payments. In their mortgage loan application, the parties represented that they were husband and wife. Plaintiff's income was listed as $12,000 and

defendant's at $2,400. A $10,000 insurance policy naming "wife" as the beneficiary was listed as additional collateral. A mortgage for $12,000 was obtained and the property was conveyed to "Aaron G. Cadena and Maria G. Cadena, his wife" in joint tenancy. Prior to the possession date, a dispute arose and defendant and Nora left plaintiff. Plaintiff filed the instant action to impress a resulting trust on the property in his favor.

As a general rule, a resulting trust arises when one party purchases property with his own funds and title is transferred to a different party. (*In re Estate of Wilson* (1980), 81 Ill. 2d 349, 410 N.E.2d 23; *Hocking v. Hocking* (1979), 76 Ill. App. 3d 29, 394 N.E.2d 653.) The burden of proof rests upon the party seeking to establish the trust; it must be demonstrated by clear, convincing and unequivocal evidence. (*Wright v. Wright* (1954), 2 Ill. 2d 246, 118 N.E.2d 280; *First National Bank v. Dierking* (1967), 87 Ill. App. 2d 4, 230 N.E.2d 520.) No trust will be found where the transaction is susceptive to any other reasonable interpretation. *Wilson.*

The doctrine of resulting trust is based on the presumed intent of the payor that he alone shall enjoy that which he has purchased. (*West v. Scott* (1955), 6 Ill. 2d 167, 128 N.E.2d 734; *Hocking.*) However, the presumption of a resulting trust may be rebutted when the facts and circumstances established by evidence show that the payor intended to confer the beneficial interest in the property upon the grantee. (*Wilson; Prassa v. Corcoran* (1962), 24 Ill. 2d 288, 181 N.E.2d 138; *Bowman v. Pettersen* (1951), 410 Ill. 519, 102 N.E.2d 787.) One fact which has been considered indicative of the payor's intent to make a gift exists where the payor takes title to the property in the names of himself and another person jointly. Such a conveyance, in absence of evidence of a different intention, has been held to be demonstrative of the payor's intention to convey a gift of an undivided interest in the property to the joint tenant. *Masgai v. Masgai* (1975), 460 Pa. 453, 333 A.2d 861; *Olson v. Olson* (1973), 13 Ill. App. 3d 888, 300 N.E.2d 765.

Factual determinations necessary to decide a case where the evidence is contradictory must be left to the trier of fact. Such determinations will not be disturbed on review unless they are against the manifest weight of the evidence. *Wilson; Hanley v. Hanley* (1958), 14 Ill. 2d 566, 152 N.E.2d 879.

Having examined the record thoroughly, we conclude that plaintiff failed to establish that he did not intend to make a gift to defendant of the property. Plaintiff urges us to allow him to avoid the consequences of his stipulated intent evidenced by his placing the

property in joint tenancy. In so urging, plaintiff contends that the bank told him that he must have somebody sign the mortgage papers with him or they would not give him a mortgage. Here, as in *Masgai*, it is undisputed that plaintiff and defendant were not formerly married at the time of conveyance. *Masgai* is further analogous in that title was conveyed to defendant and plaintiff as James Masgai and Gloria Masgai, his wife in joint tenancy. Finally, as in the present case, James Masgai urged that he was coaxed into the joint tenancy arrangement out of fear that he would be unable to obtain a mortgage alone. The court found that the evidence therein failed to establish that James did not intend a gift. See also *In re Relationship of Eggers* (1982), 30 Wash. App. 867, 638 P.2d 1267, wherein the court noted that in a meretricious relationship the court will presume the parties intended to dispose of the property as they did dispose of it.

Additional factors convince us that plaintiff failed to meet the burden of proof necessary to impress a resulting trust in his favor. It appears from the record below and the finding of the trial judge that plaintiff provided practically all the consideration for the purchase of the property. However, defendant was employed and contributed minimal earnings to the household. This enabled plaintiff to contribute more money toward the purchase of the home. More importantly, plaintiff pledged defendant's credit to obtain the mortgage on the property. (*Cf. Murphy v. McKenzie* (1973), 1 Mass. App. Ct. 553, 303 N.E.2d 744.) Finally, the fact that plaintiff's daughter may eventually inherit the property supports defendant's contention that plaintiff intended to dispose of the property as he did.

Having applied the principles of law above to the present case, we find that the trial court properly found that the conveyance of the property to defendant as a joint tenant was intended by plaintiff as a gift. Therefore, a resulting trust in favor of plaintiff did not arise.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

BUCKLEY, P.J., and GOLDBERG, J., concur.