GARY-WHEATON BANK, Plaintiff-Appellant, v. EDWARD MEYER, SR., Defendant-Appellee.

Second District   No. 83—1062

Opinion filed December 31, 1984.—Rehearing denied February 11, 1985.

Craig C. Westfall, of Nigro & Westfall, of Glendale Heights, for appellant.

Robert R. Verchota, Rodney W. Equi, and Keith E. Roberts, Sr., all of Donovan & Roberts, of Wheaton, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Gary-Wheaton Bank, appeals from the denial by the circuit court of Du Page County of its motion for a turnover order. Plaintiff contended that a conveyance of a one-third beneficial interest in a trust consisting of a single-family residence from defendant Edward Meyer, Sr., to Edward Meyer, Jr., was fraudulent.

On appeal, the plaintiff contends: (1) the trial court's finding of a resulting trust was against the manifest weight of the evidence; (2) the trial court's finding that the conveyance from Edward Meyer, Sr., to Edward Meyer, Jr., was not fraudulent was against the manifest weight of the evidence; (3) the trial court's finding that estoppel does not operate to deny Gertrude Wagemann's ownership of the property was against the manifest weight of the evidence. Because we hold the court's findings were against the manifest weight of the evidence, we reverse and remand.

In August 1982 defendant Edward Meyer, Sr. (Meyer, Sr.), was delinquent on unsecured loans from plaintiff Gary-Wheaton Bank (bank). The bank proposed to Meyer, Sr., that the loans be rewritten with Meyer, Sr.'s residence as collateral on the loans. Meyer, Sr., rejected this proposal, and the bank filed suit.

Summons and complaint were served. Meyer, Sr., did not appear, and a default judgment was entered on January 10, 1983, in the amount of $15,243.02. On October 25, 1983, the judgment was increased an additional $6,207.08 because of a second loan judgment.

The bank issued a citation to discover assets, citing Chicago Title and Trust Company, whereupon documents relating to a trust agreement were discovered. The trust agreement was dated January 17, 1961, and listed Meyer, Sr., Meyer, Sr.'s wife (Mary Meyer), and Gertrude W. Wagemann (Wagemann), Mary Meyer's mother, as beneficiaries of the trust to be held as joint tenants.

The corpus of the trust is a single-family residence at 26 W 110 Embden Lane, Wheaton. Wagemann, Meyer, Sr., Mary Meyer, and Meyer, Sr.'s son, Edward Meyer, Jr. (Meyer, Jr.), presently live there.

On November 11, 1982, Meyer, Sr., conveyed his one-third interest to Meyer, Jr. The assignment was predated October 25, 1982, Meyer, Jr.'s birthday. At trial both Wagemann and Meyer, Sr., testified this conveyance was in response to a request by Wagemann. The assignment was accepted by Chicago Title and Trust on December 7, 1982.

In seeking to declare the conveyance void, the bank claimed it was fraudulent to avoid creditors. Meyer, Jr., appeared to defend the action. He is one of the citees. The other citee is Chicago Title and Trust Company. After hearing the evidence, the trial court denied the bank's motion to set aside the conveyance. The trial court held:

"1) That the real estate in question which is requested to be transferred under the motion for a turnover order was purchased with funds wholly from the estate of Gertrude Wagemann.

2) That the property was placed in trust and the defendant in this cause named as a beneficiary of that trust without any consideration paid by the defendant.

3) That although the defendant resided in the property throughout the period of ownership and may have on occasion contributed to the maintenance of the property, his contributions toward said maintenance could not and will not be considered by me as evidence of a contribution to the purchase or evidence of ownership.

4) It is a further finding that although Gertrude W. Wagemann allowed the defendant, Edward B. Meyer, to be a beneficiary of a trust, it was not such an act as would estop her from claiming the ownership by reason of the creditors allegedly relying upon his undisclosed interest in the real estate. I further find that although one time eleven years previously the plaintiff may have relied to some degree on the defendant's disclosure of his interest to lend him money, it would be difficult for me to believe that the loans which are the subject of the underlying action herein were made on the basis of this undisclosed interest eleven years previously and not on the basis of the relationship which arose between Mr. Meyer and Mr. Monson over the period of years.

Therefore, I find no estoppel on the respondent, Gertrude W. Wagemann, to deny her ownership in the property or to deny Mr. Meyer's ownership in the property, and I do not find as a matter of law that the Gary-Wheaton Bank relied on the disclosed, undivided interest of Mr. Meyer as the basis for making the loans the subject of this underlying action. Inasmuch as all the funds used for the purchase of this home and the great majority of maintenance of this home were supplied by Gertrude W. Wagemann, there should be and is clearly a resulting trust, and transfer or conveyance by Edward B. Meyer, Sr., to his son Edward B. Meyer, Jr., at the request of Gertrude W. Wage-

mann was not a fraudulent conveyance as against the Gary-Wheaton Bank, and therefore the motion of the Gary-Wheaton Bank will be denied."

RESULTING TRUST

The bank contends the trial court's finding of a resulting trust in favor of Wagemann was against the manifest weight of the evidence. The bank argues: (1) necessary requirements for a resulting trust are not present; and (2) where an express trust exists there can be no resulting trust.

A resulting trust arises by operation of law where one person furnishes consideration for property and conveys title to another. Whether or not such a resulting trust arises depends upon the intention of the person who furnishes the purchase price at the time of the conveyance. A resulting trust arises at the instant legal title is taken. The theory of a resulting trust is founded upon a natural equity that one who pays for the property should enjoy it, unless he intended by the vesting of title to confer a beneficial interest upon the grantee. (*Prassa v. Corcoran* (1962), 24 Ill. 2d 288, 291.) He alone shall enjoy that which he has purchased. (*Cadena v. Cadena* (1983), 116 Ill. App. 3d 153, 155, 452 N.E.2d 71, 72.) The burden of proof is upon the party seeking to establish a resulting trust, and the evidence must be clear, convincing and unmistakable. *In re Estate of Wilson* (1980), 81 Ill. 2d 349, 356.

A resulting trust will not be sustained where the transaction can be construed in any other reasonable fashion. A resulting trust may be rebutted where evidence establishes the grantor intended to confer a beneficial interest in the property upon the grantee. A fact considered indicative of the grantor's intent to make a gift exists where the grantor takes title to the property in the name of himself and another person jointly. Such conveyance, in the absence of evidence of a different intention, has been held to be demonstrative of the grantor's intention to convey a gift of an undivided interest in the property of a joint tenant. *Cadena v. Cadena* (1983), 116 Ill. App. 3d 153, 155, 452 N.E.2d 71, 72.

When property is transferred from one family member to another, a presumption arises in favor of a gift, which will negate a resulting trust. It is immaterial that the child-recipient is an adult. *Moore v. Moore* (1956), 9 Ill. 2d 556, 557.

Where a deed, absolute in terms and without condition, conveys real estate to two persons as joint tenants, the language of the deed is sufficient to show an expressed intent to convey both legal title and beneficial interest to the two grantees as joint tenants, but if

the purchase price was paid by only one of such grantees, this indicates an intent that the grantee is the only one beneficially interested in the property, and under such facts the expressed intent as shown by the deed must give way to the rule of equity which protects the party paying the purchase price by raising a resulting trust in his favor. *Prassa v. Corcoran* (1962), 24 Ill. 2d 288, 292.

■■ ■ Finally, if an express trust exists, there can be no resulting trust. (*Baker v. LeMire* (1934), 355 Ill. 626, 631.) In order to have a valid express trust, the following conditions must be present:

"(1) intent of the parties to create a trust, which may be shown by a declaration of trust by the settlor or by circumstances which show that the settlor intended to create a trust;

(2) a definite subject matter or trust property;

(3) ascertainable beneficiaries;

(4) a trustee;

(5) specifications of a trust purpose and how the trust is to be performed; and

(6) delivery of the trust property to the trustee." *In re Estate of Wilkening* (1982), 109 Ill. App. 3d 934, 940-41, 441 N.E.2d 158, 163.

■■ In the case at bar, the trial court held a resulting trust arose in favor of Wagemann by her having paid the full purchase price of the house and putting it in trust with her daughter, herself, and Meyer, Sr. There are three reasons why the trust must fail: (1) Meyer, Sr., had a beneficial interest, (2) an express trust already existed, and (3) evidence that a resulting trust was intended was not unmistakable, clear or convincing.

First, in a resulting trust, the grantee must not acquire a beneficial interest in the property. (*Prassa v. Corcoran* (1962), 24 Ill. 2d 288.) In the case at bar, Meyer, Sr., did acquire a beneficial interest. He was listed as a joint tenant with a one-third undivided beneficial interest in the trust. Under the law of joint tenancy, "four unities" must be present at the time of the tenancy's creation. One of these unities is interest. (*Harms v. Sprague* (1983), 119 Ill. App. 3d 503, 505, 456 N.E.2d 976, 978.) Meyer, Sr., must have had a one-third beneficial interest in order to be a joint tenant at the time of its creation.

A family relationship exists in the case at bar, indicating an intended gift. In *Moore v. Moore* (1956), 9 Ill. 2d 556, a mother bought a piece of property and placed it in trust with a one-third joint tenancy interest to herself, a son and daughter. When the mother died, another son, not a joint tenant, brought an action to declare a resulting trust in favor of the deceased mother. The court found no result-

ing trust because the presumption of a gift exists when the grantee is the natural object of bounty of the grantor. In the case at bar, Meyer, Sr., was the son-in-law of Wagemann. As in *Moore*, a presumption of a gift arises. In *Moore* a gift arose between the mother, her son and daughter. We hold the same policy considerations dictate that the conveyance from Wagemann to Meyer, Sr., and Mary Meyer was a gift. While Meyer was not a natural object of Wagemann's bounty, he was related by marriage and, as in *Moore*, an intent to keep the property within the grantor's family can be inferred.

Wagemann's designation of Meyer, Sr., as a joint tenant is indicative of her intent that he retain a beneficial interest. In *Cadena v. Cadena* (1983), 116 Ill. App. 3d 153, 452 N.E.2d 71, a man and his exwife bought a piece of property as joint tenants after their divorce. He paid a majority of the consideration for the property. After separation, when the man claimed a resulting trust, the court found a gift did exist based on the stipulated evidence that title to the property was taken in joint tenancy. No resulting trust was found. (See also *Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342.) In the case at bar, Wagemann testified that she did not intend for Meyer, Sr., to have any interest in the property. She testified he was only listed as a joint tenant in case anything should happen to her or Mary Meyer. However, if both Wagemann and Mary Meyer had died anytime prior to Meyer, Sr.'s assignment to Meyer, Jr., the property would have devolved upon Meyer, Sr. There were no provisions for Meyer, Jr., in the original trust deed.

While *Prassa v. Corcoran* (1962), 24 Ill. 2d 288, holds if one joint tenant supplies all funds, a resulting trust is created for that tenant, *Prassa* is distinguishable from *Cadena* and *Moore*. In *Prassa*, a man about to be married bought a piece of property. The title to the property was placed in the name of the man and his fiancee as joint tenants. When the engagement terminated, the fiancee requested the man convey her share of property to her. The man refused, claiming a resulting trust arose in his favor. The court held a resulting trust arose because no gift to the fiancee was intended until the wedding. In *Prassa*, the marital relationship never materialized from the parties' engagement. In the case at bar, a long-standing family relationship existed and Meyer, Sr., did retain a beneficial interest.

Second, when an express trust exists, there can be no resulting trust. (*Baker v. LeMire* (1934), 355 Ill. 626.) In the case at bar, the trust fulfills the six requirements of an express trust: (1) there must be an intent to create a trust: evidenced by a declaration of a trust; (2) a definite subject matter of trust property: 26 W 110 Embden

Lane, Wheaton; (3) ascertainable beneficiaries: Meyer, Sr., Mary Meyer, and Wagemann; (4) a trustee: Chicago Title and Trust Company; (5) specification of a trust purpose and how the trust is to be performed: delineated in the trust agreement; (6) delivery of the trust property to the trustee: the deed into trust was discovered at Chicago Title and Trust Company, thus there was constructive delivery.

Meyer, Jr., contends the express trust with Chicago Title relates to the title to the property, whereas the resulting trust is imposed upon the beneficial interest held in the name of the defendant. This argument is without merit. Under *Baker*, where there is an express trust there can be no resulting trust. Meyer, Jr.'s reliance on *Sweesy v. Hoy* (1933), 272 Ill. App. 346, is misplaced. In *Sweesy*, a man set up an express trust using his wife's funds and mistakenly placed the trust in his name. The court held this invalid express trust to be a valid resulting trust. In the case at bar, the express trust was valid, and under *Baker* and *Sweesy* no resulting trust can exist.

Third, under *Wilson*, the burden of proof is upon the party seeking to establish a resulting trust and the evidence must be clear, convincing and unmistakable. As pointed out above, the evidence of a resulting trust in the case at bar is not clear, convincing or unmistakable. Defendant's theory that a resulting trust existed in favor of Gertrude Wagemann must fail. See *Anderson v. Ferris* (1984), 128 Ill. App. 3d 149, 470 N.E.2d 518.

### FRAUDULENT CONVEYANCE

██ ██ The bank contends the conveyance from Meyer, Sr., to Meyer, Jr., was fraudulent in law and should be voided. When fraud is established and no consideration for the fraudulent transfer is present, it is fraud in law. When there is consideration, it is fraud in fact. In fraud in fact, there must be actual fraud and specific intent to defraud. In fraud in law, fraud is presumed from the circumstances. (*Wilkey v. Wax* (1967), 82 Ill. App. 2d 67, 70, 225 N.E.2d 813, 814.) In the case at bar, the record indicates no consideration was given for the conveyance from Meyer, Sr., to Meyer, Jr. Thus, if the conveyance was fraudulent, it was fraud in law. In order to establish a cause of action of fraud in law, three requirements must be met: (1) a voluntary gift, (2) an existing or contemplated indebtedness against the donor, and (3) it must appear that the donor did not retain sufficient property to pay his indebtedness. *First Security Bank v. Bawoll* (1983), 120 Ill. App. 3d 787, 791, 458 N.E.2d 193, 197.

The three requirements for a fraudulent conveyance have been met in the case at bar. First, the gift must have been voluntary. (*First*

*Security Bank v. Bawoll* (1983), 120 Ill. App. 3d 787, 458 N.E.2d 193.) In *Till v. Till* (1967), 87 Ill. App. 2d 358, 231 N.E.2d 641, the court held that in cases of fraud in law where no consideration or grossly inadequate consideration is given, the transfer is deemed to be voluntary. In the case at bar, the parties testified there was no consideration for the conveyance from Meyer, Sr., to Meyer, Jr., and thus, the transfer was voluntary. Second, there must be an existing or contemplated indebtedness against the donor (Meyer, Sr.) at the time of the transfer. (*First Security Bank v. Bawoll* (1983), 120 Ill. App. 3d 787, 458 N.E.2d 193.) Meyer, Sr., admitted at trial that he had three loan obligations unpaid at the time of his assignment to Meyer, Jr. One was past due when he made the assignment. Thus, there was an existing indebtedness at the time of the assignment, October 25, 1982. Third, it must appear the donor did not retain sufficient resources to pay the indebtedness. (*First Security Bank v. Bawoll* (1983), 120 Ill. App. 3d 787, 458 N.E.2d 193.) Meyer, Sr., admitted at trial that at the time of the conveyance to Meyer, Jr., the only asset he owned was a 1979 Mustang. He did not allege the value of the car was sufficient to satisfy his indebtedness. The three elements of fraud in law are fulfilled in the instant case.

The bank relies on the case of *Magner v. Muslin* (1951), 344 Ill. App. 475, 100 N.E.2d 344. In *Magner*, title to a piece of property was held by a husband and wife as joint tenants. The husband transferred his interest to his wife. Plaintiff creditors brought an action to overturn the conveyance as fraudulent. The court overturned the conveyance because the husband had an interest in the property by virtue of the joint tenancy. The parties admitted the husband had such an interest. In the case at bar, Meyer, Sr., did own a beneficial interest for the reasons stated in section 1. He did not only take a nominal title. Meyer, Jr.'s contentions that *Magner* is inapposite therefore must be rejected. The conveyance from Meyer, Sr., to Meyer, Jr., was fraudulent in law.

ESTOPPEL

██ █ The bank contends even if a resulting trust arises in favor of Wagemann, she is estopped from claiming such trust in her favor because she placed Meyer, Sr., in a position where he could make representations of ownership. The trial court held that while the bank may have at one time relied on Meyer, Sr.'s ownership of the house to give him a loan, the bank did not rely on his interest to grant him the loans which are the subject of the underlying action.

Estoppel refers to reliance by one party on the word or conduct

of another so that the party changes his position and subsequently suffers harm. It arises whenever one by his conduct, affirmative or negative, intentionally or through culpable negligence, induces another to believe and have confidence in certain material facts, and the latter, having the right to do so, relies and acts thereon and is, as a reasonable and inevitable consequence, misled to his injury. Estoppel must be proved by clear, unequivocal evidence. Although an intent to mislead is not required, the reliance must be reasonable. Furthermore, to claim reliance on the conduct of another, the party must have acted without knowledge of the truth of the matter relied upon. Finally, the conduct of the person seeking the benefit of the doctrine may be scrutinized. *Wilson v. Illinois Benedictine College* (1983), 112 Ill. App. 3d 932, 939, 445 N.E.2d 901, 908.

The bank relies on *Hummel v. Villmow* (1931), 347 Ill. 58, and *Springfield Lumber Co. v. Shaughnessy* (1922), 225 Ill. App. 422. In *Hummel* and *Shaughnessy*, courts held the actual owner of property will be estopped from claiming a resulting trust in the property where the record owner obtained credit upon the strength of ownership. Meyer, Jr., admits these cases would control but claims there was no reliance by the bank on the 1972 loan application and Meyer, Sr.'s verbal representations. Thus, the issue is whether the bank actually relied upon Meyer, Sr.'s written and oral representations. At trial, Walter Monson, a bank loan officer, testified Meyer, Sr.'s 1972 car loan application was used in making a determination of Meyer, Sr.'s credit-worthiness for the three loans that are in question. The dates of these loans are January 3, 1975, April 4, 1981, and May 27, 1981. Meyer, Sr.'s 1972 loan application listed his one-third interest in the house in Wheaton. In addition, Meyer, Sr., reiterated these representations verbally to Monson. Monson testified the bank's regular practice was to use earlier loan applications when making new loans to the same customer. Monson's testimony on this issue is unrebutted by Meyer, Sr.

In order to reverse the finding of a trial court, the finding must be against the manifest weight of the evidence. For a finding to be against the manifest weight of the evidence, it must appear that the conclusions opposite to those reached by the trier of fact are clearly evident. *J.R. Sinnott Carpentry, Inc. v. Phillips* (1982), 110 Ill. App. 3d 632, 636, 443 N.E.2d 597, 601.

In the case at bar, the finding that Wagemann was not estopped from raising her ownership of the property was against the manifest weight of the evidence. The bank's testimony of reliance was unrebutted. While it may have been difficult for the trial court to be-

lieve the bank relied on a 10-year-old loan application, the only evidence adduced on the question was that of the bank. It was unrebutted and the trial court was not entitled to discard the evidence. *Bucktown Partners v. Johnson* (1983), 119 Ill. App. 3d 346, 351, 456 N.E.2d 703, 706.

In sum, we find that (1) a resulting trust did not arise in favor of Gertrude Wagemann, (2) the conveyance from Edward Meyer, Sr., to Edward Meyer, Jr., was fraudulent in law, and (3) Gertrude Wagemann is estopped from claiming a resulting trust in the property. The judgment of the circuit court of Du Page County is reversed and the cause is remanded.

Reversed and remanded.

UNVERZAGT and SCHNAKE, JJ., concur.